Michael HAMILTON, Appellant,

v.

WASHINGTON UNIVERSITY,
Respondent.

No. 43721.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 2, 1982.

Ross G. Lavin, Thomas B. Maue, St. Louis, for appellant.

Barnard & Baer, John Hummel, Holtkamp, Beckemeier, Liese & Hummel, St. Louis, for respondent.

CLEMENS, Senior Judge.

Plaintiff Michael Hamilton sued defendant University for actual and punitive damages for malicious prosecution. The jury returned a verdict for defendant.

On appeal plaintiff first contends the trial court erred in granting the jury's request to view evidentiary exhibits. Plaintiff also claims error in letting the jury recess overnight during its deliberations. Last, plaintiff contends the verdict was against the weight of the evidence. These points in turn.

Plaintiff testified he parked his car at night in a dormitory lot while looking inside for a student named Mike he wanted to join him in jogging; that when he came back to his car four university police arrested him and kept him in custody for two hours.

Plaintiff also called the four police officers to testify. The gist of their testimony: A student reported to the police that while defendant was driving on the campus he stopped the student and offered to sell him narcotics. The police found a vacant car matching the student's description parked in a dormitory lot clearly marked "private property", "trespassers will be prosecuted" and a sign giving directions to a visitors' parking lot. The officer surrounded the parking lot and questioned plaintiff when he returned to his car. He said he'd been looking for "Mike" but didn't know his last name nor which dormitory he lived in. Plaintiff could not show any identification. The police arrested plaintiff for trespassing; the record does not show disposition of that charge.

■ Plaintiff's initial complaint: Without his consent the court erred during jury deliberation by granting the jury's request to inspect five exhibits. Four of these were plaintiff's own and the fifth came in with-out objection by plaintiff. Plaintiff's argument is academic; he fails to show how he was harmed.

■ In any event the law is clear a trial court has broad discretion in sending exhibits to the jury. *Freeman v. DeHart*, 303 S.W.2d 217[12] (Mo.App.1957); *Ortner v. Terry*, 533 S.W.2d 640[5, 6] (Mo.App.1976). None of plaintiff's six cited cases refutes the principle. We deny plaintiff's first contention.

■ By plaintiff's second point he argues that the trial court erred in permitting the jurors to recess overnight. Purely by argument he contends the jury reached its verdict without discussing the issues in concert. The record shows that late in the day the jury had not yet reached a verdict; the trial court excused them until the next morning. In doing this the court sternly admonished the jurors that until they reconvened they were not to discuss the case or to permit others to do so in their presence. No error here.

■ Last, plaintiff contends the court should have granted a new trial because the verdict was against the weight of the evidence. Disregarding the four officers' multiple contradiction of plaintiff's testimony, and looking only to plaintiff's own testimony, the jury had the right to disbelieve plaintiff. A jury may return a verdict for defendant even upon plaintiff's uncontradicted oral testimony. *Shephard v. Hunter*, 508 S.W.2d 234[4] (Mo.App.1974).

Affirmed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.