Perry D. COX and Wanda A. Cox, Plaintiffs-Respondents,

v.

D. BLACKWELL and Cleta F. Blackwell, Defendants-Appellants.

No. 12969.

Missouri Court of Appeals, Southern District, Division One.

Nov. 8, 1983.

Motion for Rehearing or to Transfer to Supreme Court Denied Dec. 5, 1983.

**832**

Christopher J. Stark, Springfield, for plaintiffs-respondents.

Theodore A. Strecker, of Springfield, for defendants-appellants.

TITUS, Judge.

Plaintiffs (husband and wife) bought a newly constructed home from the defendants (husband and wife) who were the builders thereof. After the purchase was completed and within a short time thereafter, defects in the structure appeared, causing damage to the house and contents. Defendants refused to pay for any part of plaintiffs' expenses in correcting the structural defects or the damages incurred by plaintiffs because of such defects. Like-wise defendants, even after notice, did not undertake or ask for an opportunity to remedy the defects. Plaintiffs sued defendants for damages for breach of an implied warranty of habitability and quality of the house. A jury awarded plaintiffs $10,500 in damages and defendants appealed.

■ Defendants' first point relied on claims the court nisi erred in entering judgment on the verdict "because no offer of recission [sic] was made by plaintiffs to defendants and the courts [sic] instructions failed to instruct the jury that an attempt at recission [sic] was necessary." The best we can make of this point and the accompanying argument is that defendants contend that plaintiffs, before suing for damages, were required to offer to rescind the sale and that the court was required to instruct the jury that before it could award damages to plaintiffs, it had to find that plaintiffs first attempted to rescind the sale but were thwarted in their efforts by defendants. The trouble with the point and argument is that what defendants here contend is simply not the law. Where plaintiffs, as here, have available inconsistent remedies, i.e., rescission and suing for damages, they have the right to elect which course they will choose and once plaintiffs make the election, the court has no right to change the cause of action to the other inconsistent theory. *Newco Land Co. v. Martin,* 358 Mo. 99, 113, 213 S.W.2d 504, 513[14] (1948); 28 C.J.S. Election of Remedies § 2, pp. 1060–1061; 17A C.J.S. Contracts § 422(1), pp. 521–522.

■ The three cases cited by defendants to their first point are: *Smith v. Old Warson Development Company,* 479 S.W.2d 795 (Mo. banc 1972); *Crowder v. Vandendeale,* 564 S.W.2d 879 (Mo. banc 1978); *Major v. Rozell,* 618 S.W.2d 293 (Mo.App.1981). These cases relate to holdings that implied warranties of merchantable quality and fitness exist in the purchase of a new home by the first purchaser from a vendor-builder and are not germane to defendants' point. Whenever irrelevant authority is cited as supporting a point, it is tantamount to a point presented naked of citations, indicat-

ing there is no authority for defendants' assertion and constitutes an abandonment of the point. *Bishop v. Bishop,* 618 S.W.2d 261, 263[1, 2 and 4] (Mo.App.1981); Rule 84.04(d), V.A.M.R.

Defendant's first point is denied.

■ Defendant's second and final point relates to the jury's request during deliberations to see plaintiffs' exhibits numbered 20 and 21. In response to this request, the court sent all trial exhibits to the jury room. In toto, defendants' second point relied on reads: "The trial court erred in allowing the jury to take all exhibits to the jury room after they asked for certain enumerated exhibits because, after the request, those exhibits requested were emphasized by the court's allowance of all exhibits." How the court's giving all exhibits to the jury for reexamination could serve to emphasize the specific exhibits asked for wholly escapes us. By sending all the exhibits to the jury room during deliberations, the court was apparently demonstrating that all the exhibits, not just those requested, should be considered in arriving at a verdict. Once the court has received items into evidence as exhibits, such evidence should generally be made available to the jury on an equal basis with all other evidence. *Freeman v. Kansas City Power & Light Company,* 502 S.W.2d 277, 282[7] (Mo.1973). In any event it is clear that the trial court has broad discretion in sending exhibits to the jury. *Hamilton v. Washington University,* 628 S.W.2d 925, 926[2] (Mo.App.1982); *Gambrell v. Kansas City Chiefs Football Club,* 621 S.W.2d 382, 386[11] (Mo.App. 1981); 89 C.J.S. Trial § 466 a., pp. 103–105. The lone case cited by defendants to their second point does not refute the foregoing authorities but rather lends support thereto. *Freeman v. De Hart,* 303 S.W.2d 217, 226[12] (Mo.App.1957). We find no abuse of discretion and deny the point.

Judgment affirmed.

FLANIGAN, P.J., and GREENE, C.J., concur.