Sandra J. **BARKLEY**,
Plaintiff-Appellant,

v.

**MONSANTO COMPANY, et al.,**
Defendants-Respondents.

No. 49744.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 7, 1986.

---

Edgar E. Lim, Clayton, for plaintiff-appellant.

Jeffrey J. Kalinowski, Joseph J. Simeone (Peper, Martin, Jensen, Maichel and Het-

lage, of counsel), St. Louis, for defendants-respondents.

CARL R. GAERTNER, Presiding Judge.

Plaintiff sued her ex-husband, Charles Barkley, and his employer, Monsanto Company, claiming entitlement to certain of Charles' employment benefits. Plaintiff predicates her claim upon the provision of the separation agreement incorporated in the parties' decree of dissolution in 1978.

If a deficiency in income taxes, state or federal, for the year 1977 or for any prior years for which joint income tax returns were filed by the parties, shall be assessed against the parties, the party whose understatement of income or overstatement of deductions occasioned such deficiency shall pay such additional tax, interest and penalty as may be assessed. Any tax refunds received by the parties for tax year 1977 or earlier shall be divided equally between them regardless of when received. There are tax credits available by reason of husband's employment outside of the United States in 1977 or earlier. If the use of such credits results in reduction of taxes due from husband, regardless of when used, wife shall be paid by husband one-half of the reduction in taxes resulting from the use of such credits. Husband shall provide wife with a copy of his tax return as filed for each year from 1977 and subsequent until all such credits have been used.

At a jury-waived trial plaintiff testified that no tax refunds were received. There was no evidence that any tax reduction resulted from the use of tax credits. It appears from the record that plaintiff is attempting to assert against Monsanto a claim her ex-husband may have had against Monsanto for Monsanto's allegedly improper use of foreign tax credits ex-husband earned while working for a previous employer. As we understand it, plaintiff's contention seems to be that absent the use of these tax credits Charles would have received a larger payment from Monsanto under its income tax equalization policy. The record, however, is devoid of evidence regarding the amount plaintiff claims Charles may have been entitled to receive. At the conclusion of plaintiff's evidence the trial court dismissed plaintiff's cause of action, ruling that she was improperly attempting to alter the terms of the separation agreement, which drafted by her own attorney, made no reference to any claim against Monsanto or to income tax equalization.

Although we discern no error in the ruling of the trial court, we do not determine this appeal on its merits. Rather, we sustain Monsanto's motion to dismiss.

Plaintiff's notice of appeal was filed on February 20, 1985. On May 21, 1985, her motion for an extension of time to file the legal file was granted until August 1, 1985, and later until August 16, 1985. It was not filed until September 6, 1985. On November 25, 1985, we advised plaintiff's attorney the appeal was on a dismissal docket due to failure to timely file the appellant's brief. Plaintiff requested and received an extension until January 6, 1986, on the ground "that the complexity of this case is demanding an exorbitant amount of time." A further extension until January 16, 1986, was requested and granted. Plaintiff's four page brief was not filed until January 31, 1986.

Rather than a "fair and concise statement of facts" plaintiff's brief states that among the marital assets divided in the separation agreement "was a claim against defendant Monsanto Company for foreign tax credits or reimbursement thereof." The separation agreement makes absolutely no reference to any such claim; it refers only to a division of tax refunds and payment by Charles of one-half of future tax reductions.

Plaintiff's sole point relied upon states:

The trial court erred in dismissing plaintiff's case and ruling that the plaintiff and defendant-respondent Charles Stuart Barkley's separation agreement was clear and unambiguous when both parties appeared in court, gave testimony as to their intent, and therefore made a submissible case.

This point relied on is not only violative of Rule 84.04(d) in failing to state wherein and why the ruling is claimed to be erroneous, it is a non-sequitur. Assuming the parties had intended to divide Charles' potential but unasserted claim against his employer at the time of the dissolution, the failure of plaintiff's dissolution attorney to include such a claim in the separation agreement does not render the clear language regarding tax reductions and tax refunds ambiguous.

In support of this sole point plaintiff cites a single authority, *Shute v. Prom Motor Hotel, Inc.,* 446 S.W.2d 137 (Mo.App. 1979), in which the court held there was sufficient evidence of a defendant's negligence to make a submissible case and insufficient evidence of plaintiff's contributory negligence as a matter of law to destroy this submissibility. We are unable to discern what possible relevance the *Shute* decision has to this case. We are not assisted by the argument portion of plaintiff's brief which cites no authority and consists principally of unsupported conclusions. Only a single sentence of the one-page argument relates to testimony. We are directed by specific page references to sections of the transcript containing testimony which utterly fails to support the contention asserted. In fact, one page to which we are referred contains no testimony at all, merely a dialogue between the court and plaintiff's attorney. "Whenever irrelevant authority is cited as supporting a point, it is tantamount to a point presented naked of citations, indicating there is no authority for [plaintiff's] assertion, and constitutes an abandonment of the point." *Cox v. Blackwell,* 661 S.W.2d 831, 832–33 (Mo.App.1983).

We will dismiss an appeal for deficiencies in an appellant's brief only with great reluctance, particularly when appellant's position might possibly be meritorious. After a thorough review of the trial transcript and the legal file in this case, however, it is apparent plaintiff's claim amounts to nothing more than an attempt to add to a 1978 separation agreement, incorporated into a dissolution decree, a provision that simply

is not there. Her claim is totally devoid of merit.

Appeal dismissed.

SMITH and SNYDER, JJ., concur.