**STATE of Missouri, Plaintiff–Respondent,**

v.

**Richard SULLIVAN, Defendant–Appellant.**

No. 67815.

Missouri Court of Appeals, Eastern District, Division One.

July 2, 1996.

---

484

Michael J. Smith, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Geoffrey W. Preckshot, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Defendant, Richard Sullivan, appeals after the imposition of three consecutive sentences totaling 16 years on one count of Sodomy and two counts of Deviate Sexual Assault in violation of § 566.060 and § 566.070, RSMo 1986 (amended 1994).[1]  In search of a new trial, defendant argues:  (1) the trial court erred in admitting state's exhibits 1, 2, and 3 and the pre-trial written statements of the complaining witness, on the grounds that the statements are hearsay, and their admission bolstered her in-court testimony;  and, (2) the court erred in allowing the jury to view state's exhibits 1, 2, and 3 during its deliberations for the reason that the exhibits were testimonial in nature, and in viewing the exhibits, the jury placed undue emphasis on them.

In 1994, defendant was charged with one count of Sodomy and two counts of Deviate Sexual Assault.  Prior to trial, the complaining witness, J.G., made three separate written statements for the St. Charles County Sheriff's Department and the prosecuting attorney, two in 1993 and one in 1994.  The statements detailed her allegations of sexual assaults by the defendant.  Defendant informed the jury of the statements when he cross-examined her in great detail regarding their contents in an attempt to discredit the witness with inconsistencies as to time, place, and frequency of the assaults.  On redirect examination, the state offered exhibits 1, 2, and 3 into evidence.  They were admitted

1.  Sections 566.060 and 566.070 were amended in 1994.  The amendments became effective January 1, 1995.

over defense's objection that they contained "statements that [the court had] already ruled ... inadmissible." The court admitted the exhibits, but ruled they were not to be viewed by the jury until the court examined the exhibits. During deliberations, the jury requested all physical evidence, including state's exhibits 1, 2, and 3. Over the defense's objection, the trial court granted the request and provided the jury with redacted versions of the complaining witness' written statements. The parties excised portions of the statements which were not included in the evidence.

Initially we note that defendant's two points on appeal were not adequately preserved. The objections during trial did not match the contentions in the motion for new trial, nor do they correspond with the issues argued on appeal. However, the state has not contested preservation of the appeal issues. For that reason we will, *ex gratia,* decide the case on the merits.

■ In his first point, defendant argues the complaining witness' prior statements were inadmissible hearsay and improperly bolstered her testimony. He contends they were prior consistent statements and only served to bolster her trial testimony, therefore unduly prejudicing the defendant. Hearsay is not involved because the witness made all of the statements. In response to the bolstering claim, where a witness is impeached by proof of a prior inconsistent statement, out-of-court statements made before the prior inconsistent statement, consistent with portions of the trial testimony, are admissible for the purpose of rehabilitating the witness. *State v. Ramsey,* 864 S.W.2d 320 (Mo. banc 1993); *State v. Mueller,* 872 S.W.2d 559, 563 (Mo.App. E.D.1994). The rehabilitation comes from evidence to rebut a claim of recent fabrication.

■ In order for a prior consistent statement to be admissible, it must have been made before the inconsistent testimony is given. In *State v. Ray,* 852 S.W.2d 165, 167 (Mo.App. S.D.1993), a videotape statement of a complaining witness was held admissible to rehabilitate her credibility after defendant's cross-examination implied that the trial testimony may have been fabricated. The sequence of events in *Ray* is identical to the present case. The pre-trial consistent statements were made before prior inconsistent statements which were the subject of defendant's cross-examination.

■ In contrast, in *State v. Seever,* 733 S.W.2d 438, 441 (Mo. banc 1987), on which the defendant relies, the state offered prior consistent statements of the complaining witness, in a videotape, and thereafter called her as a witness. Her testimony duplicated the statements covered in the video. The Supreme Court held that this resulted in an improper enhancement of the victim's testimony giving the state an undue advantage. The problems presented in *Seever* are not present here. In the present case, prior consistent statements were not admitted into evidence until after defendant cross-examined the complaining witness regarding her trial testimony. Her out-of-court statements were admissible because they were made simultaneously with, or before, the complaining witness' inconsistent testimony, and were used to refute and explain inconsistencies in the complaining witness' testimony created by the defendant's cross-examination. Defendant used the exhibits in an attempt to show inconsistencies as to dates, places and frequency of the alleged acts. The state rehabilitated its witness by reference to the same exhibits to show every statement accusing defendant was consistent in the nature of the charged offenses. Point denied.

■ Defendant's second point asserts the trial court erred in allowing the jury to view state's exhibits 1, 2, and 3. The trial court has the discretion to decide whether to allow exhibits to be taken into the jury room during deliberation. *State v. Jennings,* 815 S.W.2d 434, 440 (Mo.App. E.D.1991); *Hamilton v. Washington University,* 628 S.W.2d 925 (Mo.App.1982). An abuse occurs only when "the act must be untenable and clearly against reason, and must work an injustice." *Jennings,* 815 S.W.2d at 440. An objecting party has the burden of showing the prejudicial result of sending exhibits to the jury. We have held the exhibits were properly admitted into evidence. The statements in the exhibits which the jury was allowed to

see related to direct, cross-examination and re-direct testimony of the author. Defendant has not argued any specific objectionable material remained visible after the exhibits were redacted. Both parties referred to the written statements in an attempt to prove or disprove the charges. After using the written statements for his benefit, defendant cannot demonstrate prejudice from a decision which allowed the jury to view all the exhibits during its deliberations, not just state's exhibits 1, 2, and 3. The trial court did not abuse its discretion.

We affirm.

REINHARD, P.J., and GRIMM, J., concur.