STATE of Missouri, Plaintiff–Respondent,

v.

James R. PALMES, Defendant–Appellant.

No. 21776.

Missouri Court of Appeals, Southern District, Division Two.

March 10, 1998.

Susan L. Hogan, Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Seth A. Albin, Asst. Atty. Gen., Jefferson City, for respondent.

SHRUM, Judge.

A jury convicted James Palmes (Defendant) of Class A felony first degree assault in violation of § 565.050, RSMo 1994. Defendant appeals contending that the trial court committed reversible error when it allowed into evidence a taped interview he gave to police. He argues that the tape contains "improper" expressions of opinion by the interrogating policeman that usurped the "jury's function as fact finder as to the ultimate issue in the case." We affirm.

In the spring of 1996 Defendant, his girlfriend (A.T.), and their small child (D.K.P) moved to Joplin, Missouri. On October 6, 1996, the three were together in a store in Joplin when someone called the police and asked that they check "on the welfare of the baby." D.K.P. was then one year old.

The policemen who responded found multiple bruising and injuries on the child. In particular, they noted bruising on the child's forehead "from temple to temple." The head bruises were found after a bandanna was removed from the child's head.

During questioning, Defendant and A.T. gave conflicting versions on how D.K.P. got the head injury. Moreover, Defendant told police that bruises on D.K.P.'s hands may have resulted from discipline he administered via pressure point techniques. After their preliminary investigation, police contacted the Division of Family Services and juvenile office. D.K.P. was then taken to a hospital emergency room.

At the hospital, it was determined that D.K.P. had a skull fracture. The pediatrician who attended to D.K.P. was trained in identifying child abuse. She testified at trial that there were too many bruises on the child for this to be a case of the child's falling and hitting his head, especially since D.K.P. was not able to walk at the time. She concluded that D.K.P.'s skull fracture "occurred from abuse." The pediatrician also testified that the skull fracture created a substantial risk to the child's life and health.

At trial A.T. testified that on October 4, 1996, Defendant hit D.K.P.'s forehead on the floor "around three times." As she described it, Defendant was behind D.K.P and pushed "straight down" on the child's shoulders and his forehead hit the floor "hard." She also testified that Defendant turned D.K.P over, took hold of his head, and pound-

ed the back of his head on the floor. A.T. told the jury it was Defendant who tried to hide the child's injuries with the bandanna.

After Defendant was arrested on October 6, he was questioned by Detective Mark McCall. This questioning was audio taped and referred to at trial as a "taped statement." Defendant objected to the admission of the taped statement. The trial court overruled Defendant's objections. This taped statement was played in its entirety for the jury.

Defendant was convicted of Class A felony first degree assault. He was sentenced to twenty years' imprisonment in the custody of the Department of Corrections. This appeal followed.

Defendant's sole point on appeal contends that the trial court erred in admitting a tape recording of Defendant's statement to police. In the tape recording, Detective McCall states that there were too many bruises on the victim to be the result of "normal disciplinary action" and that Defendant would "need some counseling as far as raising children." Defendant asserts that these statements prejudiced Defendant "by usurping the jury's function as fact finder as to the ultimate issue in the case." He likens McCall's statements on the tape recording to opinion testimony by a lay witness.

■ Preliminarily, we note that Defendant's motion for new trial, at the most, argues that the tape recording's prejudicial effect outweighed its probative value. No claim is made in the after-trial motion that any of McCall's comments were improper expressions of opinion. Matters not raised in a defendant's post-trial motion are not preserved for review on appeal. *State v. Kobel,* 927 S.W.2d 455, 461[12] (Mo.App.1996). Moreover, we note that at trial Defendant's only objection to McCall's "counseling" comment was that it was "prejudicial" to him. This is too general to present anything for appellate review. "To preserve an objection to evidence for review, the objection must be specific...." *State v. Driver,* 912 S.W.2d 52, 54[1] (Mo.banc 1995). However, despite these deficiencies, the State does not contest the preservation. Thus, we will review this

matter *ex gratia. State v. Sullivan,* 925 S.W.2d 483, 485 (Mo.App.1996).

■ The tape recording is a documentation of police interrogation of Defendant. An interrogation is the questioning of an individual initiated by law enforcement officials after that person has been taken into custody. *Miranda v. Arizona,* 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966). The United States Supreme Court has recognized that the functional equivalent of questioning would be statements or conduct which law enforcement officers know is "'reasonably likely to elicit an [inculpatory or exculpatory] response from the suspect.'" *State v. Wade,* 866 S.W.2d 908, 911 (Mo.App.1993) (quoting *Rhode Island v. Innis,* 446 U.S. 291, 300–01, 100 S.Ct. 1682, 1689–90, 64 L.Ed.2d 297 (1980)).

■ Here, the challenged comments by McCall on the tape recording are merely part of the questioning or the functional equivalent thereof during a police interrogation. Defendant does not argue otherwise. He insists, however, that the trial court committed reversible error because the tape contained McCall's inadmissible opinions about how the victim was injured and Defendant's "mental health."

A similar claim was made and rejected in *State v. O'Brien,* 857 S.W.2d 212 (Mo.banc 1993). In *O'Brien,* the defense objected to a policeman's testimony that as he interrogated O'Brien, he (the policeman) stopped at one point and accused O'Brien of lying. On appeal, O'Brien argued that the officer was giving opinion evidence about the "ultimate question before the jury." *Id.* at 221. In rejecting that argument, our supreme court wrote:

"Reading [the police officer's] testimony and the challenged statement in context, we hold that its admission was not error. The witness was not telling the jury that, in his opinion, the defendant is a liar. Rather, the witness was describing the give-and-take of his interrogation of [the defendant]."

*Id.* at 221[25].

As was true in *O'Brien,* here the challenged portions of the tape recording had

nothing to do with the ultimate question before the jury. The comments complained of were only the give-and-take of an interrogation. Detective McCall was trying to elicit a response from Defendant, not give an expert opinion at trial. Relying on *O'Brien*, we find no error in the admission of the tape recording. Defendant's point is denied.

The conviction and judgment of sentence are affirmed.

PARRISH, P.J., and BARNEY, J., concur.