## No. 27685

### The People of the State of Colorado v. Clarence O. Stout
(568 P.2d 52)

Decided August 22, 1977.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Linda Palmieri Rigsby, Assistant, for plaintiff-appellee.

Jonathan L. Olom, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

The defendant appeals from his conviction for violation of section 18-3-206, C.R.S. 1973, felony menacing, claiming that this statute is unconstitutional as applied and that the evidence in this case was insufficient to support conviction. The record, however, discloses that the judgment of the district court must be affirmed.

The incident forming the basis of the charge involved a slight traffic mishap and an angry and erratic chase between an automobile driven by the defendant and one driven by James Cram. There was evidence that the defendant had tried to force Mr. Cram's car off the road, and at one point the defendant made a wild right turn from the left hand lane in order to continue pursuit. The chase ended when Mr. Cram stopped outside of a steam bath where he believed that a security guard was on duty.

There was testimony that a rifle had protruded from the defendant's car both during the chase and later when both cars had stopped. The defendant testified that he had been returning from target practice and that during the chase he had simply placed the rifle against the passenger side door in order to prevent the weapon from moving within the car. He further stated that he had picked up the rifle after the cars had parked because it had fallen near his lap and its strap was caught in the gear shift. However, an off-duty deputy sheriff and his wife who had followed the cars, as well as Mr. Cram and his son, a passenger in his father's car, all testified that they had observed the rifle pointing toward Mr. Cram's automobile.

The defendant's allegations of error demonstrate a misconception about the basis of this conviction. He claims that the evidence shows only that he placed the rifle against his car window and that under these circumstances he was essentially convicted of some form of "negligent" menacing. A statute permitting such a conviction, he asserts, would be unconstitutionally vague.

However, a person commits the crime of "menacing" if, ". . . by any threat or physical action, he intentionally places or attempts to place another person in fear of imminent serious bodily injury. . . ." Section 18-3-206, C.R.S. 1973. Thus, an essential element of the offense is a specific intent to cause fear. An instruction on this element was given to the jury, and there was ample evidence from which they could have concluded that the defendant acted with such intent. On appeal, we must view the totality of the evidence in the light most supportive of the jury's

verdict, *People v. Bueno*, 188 Colo. 396, 534 P.2d 1196 (1975); *People v. Eades*, 187 Colo. 74, 528 P.2d 382 (1974), and, with evidence to support a finding of an intentional act of menacing, these contentions of the defendant must fail.

Additionally, in arguing the insufficiency of the evidence, the defendant claims that the testimony shows that Mr. Cram was never actually in fear. Independent of the testimony that Mr. Cram's son was indeed afraid, the conviction is still proper. The statute provides for conviction if the defendant "attempts" to place another in fear, and thus, actual subjective fear on the part of the victim is not a necessary element of this crime.

The judgment of the district court is affirmed.