No. 28172

**The People of the State of Colorado v. Renee Bernice Roberts**

(592 P.2d 801)

Decided March 26, 1979.                Rehearing denied April 16, 1979.

Terrance Farina, District Attorney, John A. Achziger, Deputy, for plaintiff-appellant.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Thomas M. Van Cleave III, Deputy, Michael J. Heher, Deputy, for defendant-appellee.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

■ Pursuant to section 16-12-102, C.R.S. 1973 (1978 Repl. Vol. 5), the prosecution has appealed from an order granting a judgment of acquittal. Jeopardy has attached, and the defendant may not be retried. *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). We disapprove of the order granting the judgment of acquittal. *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973).

■ The defendant, Renee Bernice Roberts, requested that a pharmacist at St. Mary's Hospital in Grand Junction fill a prescription. The prescription was, on its face, written by Dr. Aris M. Sophocles, Jr. for Carol Johnston. The prescription order was for dilaudid, a narcotic drug. Section 12-22-301(16), C.R.S. 1973 (1978 Repl. Vol. 5). The defendant provided the pharmacist with an address of Box 513, Fairplay, Colorado. The pharmacist called Doctor Sophocles in Fairplay to verify the prescription. The telephone number on the prescription form was not the same number as that which the telephone company had assigned to Doctor Sophocles. When the pharmacist reached Doctor Sophocles, he denied issuing such a prescription and said that he seldom prescribed dilaudid. The pharmacist then notified the police. The defendant was waiting for the prescription to be filled and was arrested at the hospital pharmacy.

The facts which have been set forth in this opinion are uncontradicted and were established, in large part, by stipulation. The trial court concluded that the prosecution had failed to establish that Carol Johnston was not at the address on the prescription and had, therefore, failed to establish a prima facie case. The pertinent portions of section 12-22-319, C.R.S. 1973 (1978 Repl. Vol. 5), provide:

"(1) No person shall obtain a narcotic drug, or procure the administration of a narcotic drug, by fraud, deceit, misrepresentation, or subterfuge; or by the forgery or alteration of a prescription or of any written order; or by the concealment of a material fact; or by the use of a false name or the giving of a false address.

. . . .

"(5) No person shall make or utter any false or forged prescription or false or forged written order."

A review of the record establishes that the quality and quantity of the evidence was substantial and sufficient to withstand a motion for a judgment of acquittal. As we said in *People v. Downer,* 192 Colo. 264, 557 P.2d 835, 838-39 (1976):

"Only when the evidence is such that the jury must necessarily have a reasonable doubt should the judge direct a verdict in favor of the defendant. The trial court must give the prosecution the benefit of every reasonable inference which might fairly be drawn from the evidence. Finally, the trial court should not attempt to serve as a thirteenth juror or invade the province of the jury in determining the credibility of the witnesses and the weight to be given to various segments of the evidence." [Citation omitted.]

"The evidence in this case, although circumstantial and sometimes inconsistent, was sufficient to permit the jury to decide whether the defendant committed the crimes charged . . . ."

Accordingly, we disapprove of the entry of a judgment of acquittal by the trial court.

MR. JUSTICE CARRIGAN does not participate.