**No. 79SA12**

**The People of the State of Colorado v. Richard Lahr**

(615 P.2d 707)

Decided August 25, 1980.

J. E. Losavio, Jr., District Attorney, Amy S. Isaminger, Deputy, for plaintiff-appellant.

No appearance for defendant-appellee.

*En Banc.*

JUSTICE DUBOFSKY delivered the opinion of the Court.

The People appeal[1] the trial court's dismissal of the attempted second-degree kidnapping charge after the prosecution had concluded its case, and the decision of the trial court to instruct the jury on misdemeanor menacing, a lesser included offense of felony menacing. We affirm in part and disapprove in part.

---

[1] Section 16-12-102, C.R.S. 1973 (now in 1978 Repl. Vol. 8), allows the People to appeal a decision in a criminal case in which the defendant was acquitted when a trial court commits a material error of law prejudicial to the State and an appellate decision will have precedential value. *People v. Kirkland*, 174 Colo. 362, 483 P.2d 1349 (1971).

Shortly after midnight on April 30, 1978, the defendant stopped a passing car and braced his shotgun on the hood, pointing it at the people inside. He told them, "Don't move or I'll blow you away." He then went to the open window on the driver's side, put the shotgun against the driver's head, and told him to slide over. The driver moved to the front passenger seat, and his wife, who had been in the passenger seat, fled. Two other people were in the back seat.

The defendant dropped his shotgun to the level of the driver's stomach as he got into the car. The car was running, but the handbrake was on. The defendant tried to put the car in gear, but it stalled. When he was not successful in re-starting the car, the defendant threw the shotgun away, stating that it was not loaded anyway. The police arrived shortly thereafter.

At trial, the defendant testified that he remembered nothing of the event. The trial judge instructed the jury on felony menacing and the lesser included offense, misdemeanor menacing. The jury acquitted the defendant of felony menacing, but found him guilty of misdemeanor menacing. The trial judge dismissed an attempted second-degree kidnapping charge at mid-trial.

### I.

■ The defendant was charged with attempted second-degree kidnapping under section 18-3-302, C.R.S. 1973 (1978 Repl. Vol. 8), and section 18-2-101, C.R.S. 1973 (1978 Repl. Vol. 8).[2] A person is guilty of attempted second-degree kidnapping if he knowingly engaged in conduct which is strongly corroborative of the firmness of his purpose to knowingly seize or carry another person from one place to another without his consent and without lawful justification. At the close of the prosecution's case-in-chief, the trial court granted the defendant's motion for a directed judgment of acquittal on the attempted kidnapping charge because the evidence viewed in the light most favorable to the prosecution was insufficient.

■ The district attorney urges that the evidence tending to show that the defendant had taken a substantial step toward commission of second-degree kidnapping was sufficient, as a matter of law, to withstand a motion for directed judgment of acquittal. The test for sufficiency is stated in *People v. Downer,* 192 Colo. 264, 268, 557 P.2d 835, 837-39 (1976):

---

[2] Section 18-3-302(1) provides:
"Any person who knowingly, forcibly, or otherwise seizes and carries any person from one place to another, without his consent and without lawful justification, commits second degree kidnapping."
Section 18-2-101(1) provides:
"A person commits criminal attempt if, acting with the kind of culpability otherwise required for commission of an offense, he engages in conduct constituting a substantial step toward the commission of the offense. A substantial step is any conduct . . . which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense."

"Only when the evidence is such that the jury must necessarily have a reasonable doubt should the judge direct a verdict in favor of the defendant. The trial court must give the prosecution the benefit of every reasonable inference which might fairly be drawn from the evidence."

*See also People v. Roberts,* 197 Colo. 304, 592 P.2d 801, 802 (1979).

■ Questions of the sufficiency of the prosecution's evidence "by [their] very nature must be reviewed on an *ad hoc* basis, and it is the exceptional case where such review will involve questions of 'sufficiency' generally applicable to future cases." *People v. Kirkland, supra,* 174 Colo. at 364, 483 P.2d at 1351; *People v. Samora,* 188 Colo. 74, 532 P.2d 946 (1975). This is not such a case. Nor is review merited to "settle a controversy" since the defendant cannot be placed in jeopardy a second time. *People v. Kirkland, supra.*

Therefore, we affirm the trial court's judgment dismissing the attempted second-degree kidnapping charge.

## II.

The People contend that the court's decision to give the instruction on misdemeanor menacing was error because the defendant's use of a shotgun, a deadly weapon, intentionally placed another in fear of imminent bodily injury.[3] The trial court found that the shotgun was jammed against the head of one of the victims, and that the evidence was adequate to show in this instance menacing by use of a deadly weapon. The court refused to accept the People's argument that a shotgun is a deadly weapon as a matter of law and instructed the jury on felony menacing and the lesser included offense, misdemeanor menacing. The jury acquitted the defendant of felony menacing and convicted him of misdemeanor menacing.

■ Our decision in *People v. McPherson,* 200 Colo. 429, 619 P.2d 38 (1980) controls the result in this case. We held there as a matter of law that an unloaded firearm is a deadly weapon. The court erred in submitting to the jury the issue of whether the shotgun was a deadly weapon. We disapprove the court's ruling.

■ The elements of misdemeanor menacing and felony menacing are identical but for the added requirement of the use of a deadly weapon. The submission to the jury of an included crime is justified only if there is evidence supporting the jury finding the accused innocent of the higher crime and guilty of the lesser included crime. Section 18-1-408(6), C.R.S. 1973 (now in 1978 Repl. Vol. 8); *People v. Shannon,* 189 Colo. 287, 539 P.2d 480 (1975). Here, the evidence supported a conviction for felony menacing, and the trial court improperly submitted the instruction on

---

[3] Section 18-3-206, C.R.S. 1973 (now in 1978 Repl. Vol. 8) provides:
"A person commits the crime of menacing if, by any threat or physical action, he knowingly places or attempts to place another person in fear of imminent serious bodily injury. Menacing is a class 3 misdemeanor, but, if committed by the use of a deadly weapon, it is a class 5 felony."

misdemeanor menacing to the jury.

We disapprove the trial court's ruling submitting misdemeanor menacing to the jury. However, because the defendant cannot be placed in jeopardy a second time, *People v. Kirkland, supra,* we affirm the conviction for the lesser included offense, misdemeanor menacing. We also affirm the trial court's judgment dismissing the attempted second-degree kidnapping charge.