The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Nathaniel CRUMP, Defendant–Appellee.

No. 87SA219.

Supreme Court of Colorado, En Banc.

Feb. 27, 1989.

Barney Iuppa, Dist. Atty., Robert M. Brown, Chief Deputy Dist. Atty., Linda A. McMahan, Deputy Dist. Atty., Colorado Springs, for plaintiff-appellant.

Susemihl, Lohman, Kent, Carlson & McDermott, P.C., Kathleen A. Carlson, Colorado Springs, for defendant-appellee.

QUINN, Chief Justice.

The People appeal from a ruling of the district court construing the crime of felony menacing as defined by section 18–3–206, 8B C.R.S. (1986), to be a specific intent crime. In keeping with its statutory interpretation, the district court instructed the jury that the mental culpability requirement of the offense was the "specific intent to place another person in fear of imminent serious bodily injury."[1] We hold that the crime of felony menacing is not a specific intent offense, and we therefore disapprove the district court's statutory interpretation and jury instruction.

The defendant, Nathaniel Crump, was charged by information with the crime of felony menacing by knowingly placing or attempting to place Lloyd Q. Trent in fear of imminent serious bodily injury by the use of a deadly weapon on July 3, 1986. The crime of menacing on which the charge was based is defined by section 18–3–206, 8B C.R.S. (1986), as follows:

A person commits the crime of menacing if, by any threat or physical action, he knowingly places or attempts to place another person in fear of imminent serious bodily injury. Menacing is a class 3 misdemeanor, but, if committed by the use of a deadly weapon, it is a class 5 felony.

The defendant entered a not guilty plea to the charge, and the case was tried to a jury. Although we have only a very limited record before us, it appears that Crump defended against the charge on the basis that he did not specifically intend to place the victim in fear of imminent serious bodily injury. At the conclusion of the evidence the People tendered the following jury instruction to the court on the elements of felony menacing:

The elements of the crime of menacing with a deadly weapon are:

1. That the defendant,

2. in the State of Colorado, at or about the date and place charged,

3. by threat or physical action,

4. knowingly placed or attempted to place another person in fear of imminent serious bodily injury,

5. by the use of a deadly weapon.

See CJI–Crim. 10:16. After discussing with counsel the mental culpability element of felony menacing, the trial court remarked that this court's decisions in *People v. Stout*, 193 Colo. 466, 568 P.2d 52 (1977), and *People v. McPherson*, 200 Colo. 429, 619 P.2d 38 (1980), required the inclusion of "specific intent" in the elemental instruction submitted to the jury. The court accordingly revised the People's tendered instruction by adding a sixth element which stated "with specific intent to place another person in fear of imminent serious bodily injury." Over the People's objection the court submitted the instruction in that revised form to the jury.[2] The court also submitted to the jury the lesser misde-

1. When this appeal was filed, C.A.R. 4(b)(2) permitted the prosecution to file appeals in this court relating to a trial court's decision in a criminal case upon any question of law. Effective August 1, 1988, C.A.R. 4(b)(2) was amended to require that such appeals be filed in the court of appeals.

2. By separate instruction the trial court instructed the jury on the meaning of "intentionally" or "with intent" in a manner consistent with the statutory definition of those terms in section 18–1–501(5), 8B C.R.S. (1986).

meanor offense of disorderly conduct with a deadly weapon.[3] The jury returned a verdict of guilty to the lesser offense.

In this appeal the People claim that the trial court erred in ruling that the crime of felony menacing as defined by section 18-3-206, 8B C.R.S. (1986), requires a specific intent to place another person in fear of imminent serious bodily injury. We agree with the People's claim.

Prior to July 1, 1977, the crime of felony menacing consisted of a person "intentionally" placing or attempting to place another person in fear of imminent serious bodily injury by the use of a deadly weapon. § 18-3-206, 8 C.R.S. (1973). In 1977, however, the Colorado General Assembly extensively revised the Colorado Criminal Code by substituting the mental culpability requirement of "knowingly" for "intentionally" in the statutory definition of many offenses, including the crime of felony menacing. Ch. 224, sec. 12, § 18-3-206, 1977 Colo.Sess.Laws 959, 961. The 1977 amendment expressly provided that it "shall take effect on July 1, 1977, and shall apply to offenses alleged to have been committed on or after said date." Ch. 224, sec. 68, 1977 Colo.Sess.Laws 959, 971. As of July 1, 1977, therefore, the crime of felony menacing consisted of a person "knowingly" placing or attempting to place another person in fear of imminent serious bodily injury by the use of a deadly weapon. § 18-3-206, 8B C.R.S. (1986).

The distinction between the mental culpability element of "intentionally" and "knowingly" is reflected in the respective statutory definitions of those terms. A person acts "intentionally" or "with intent" when his "conscious objective is to cause the specific result proscribed by the statute defining the offense." § 18-1-501(5), 8B C.R.S. (1986). In contrast, the statutory definition of "knowingly," also enacted in 1977 as part of the extensive revision of culpability elements of various crimes, is as follows:

> A person acts "knowingly" or "willfully" with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of such nature or that such circumstance exists. A person acts "knowingly" or "willfully", with respect to a result of his conduct, when he is aware that his conduct is practically certain to cause the result.

§ 18-1-501(6), 8B C.R.S. (1986). In enacting the 1977 amendment to the Colorado Criminal Code, the General Assembly expressly provided that crimes requiring the mental culpability element of "knowingly" or "willfully" were "general intent crimes," while only those crimes requiring the mental culpability element of "intentionally" or "with intent" were to be considered "specific intent offenses." Ch. 224, sec. 2, § 18-1-501(5) and (6), 1977 Colo. Sess.Laws 959.[4]

Since the 1977 amendment reclassified felony menacing as a "general intent" crime requiring the mental culpability element of "knowingly," rather than the prior culpability element of "intentionally," the trial court erred when it added to the ele-

---

3. Section 18-9-106, 8B C.R.S. (1986), states:
   (1) A person commits disorderly conduct if he intentionally, knowingly, or recklessly:
   \*    \*    \*    \*    \*    \*
   (f) Not being a peace officer, displays a deadly weapon in a public place in a manner calculated to alarm.

4. In his brief the defendant argues that if the statutory definition of felony menacing is construed as a general intent crime, equal protection of the law would be violated because the statute would proscribe as a class 5 felony, which carries a presumptive sentence of one to four years imprisonment, the same conduct proscribed by the crime of disorderly conduct with a deadly weapon, § 18-9-106(1)(f), 8B C.R.S. (1986), a class 2 misdemeanor punishable by a maximum sentence of twelve months, or a fine of $1,000, or both. We find the defendant's argument devoid of merit. Equal protection of the law is not violated by statutes that impose disparate criminal sanctions for conduct that is different, albeit related. *E.g., People v. Bossert,* 722 P.2d 998, 1003 (Colo.1986); *People v. Taggart,* 621 P.2d 1375, 1381-82 (Colo.1981). The crime of disorderly conduct with a deadly weapon requires the intentional, knowing, or reckless display of a deadly weapon in a public place in a manner calculated to alarm, and, in contrast to felony menacing, does not involve the placing of another person in fear of imminent serious bodily injury by the use of a deadly weapon.

mental instruction the additional requirement that the defendant act "with specific intent to place another in fear of imminent serious bodily injury." Pursuant to the 1977 amendment, the mental culpability element of felony menacing is satisfied when the offender is aware that he is placing or attempting to place another person in fear of imminent serious bodily injury by the use of a deadly weapon, regardless of whether or not the offender had a conscious objective to cause such fear in the other person.

In submitting the erroneous instruction to the jury, the trial court relied on this court's decisions in *Stout,* 193 Colo. 466, 568 P.2d 52, and *McPherson,* 200 Colo. 429, 619 P.2d 38. In *Stout,* the defendant was charged with an act of felony menacing that occurred prior to July 1, 1977. The *Stout* case, therefore, was without precedential value for purposes of formulating an appropriate instruction on the mental culpability element of felony menacing as charged in this case.

In *McPherson,* the issue was whether an unloaded firearm constituted a deadly weapon for purposes of an act of felony menacing that also occurred prior to July 1, 1977. In the course of our opinion we incorrectly cited to the 1977 amendment to the felony menacing statute rather than the pre–1977 definition of the offense, which obviously was applicable to the charge in that case, and then, relying on *Stout,* stated that "[t]he specific intent of the defendant to cause fear is the gravamen of the offense of felony menacing." 200 Colo. at 432, 619 P.2d at 40. While our opinion in *McPherson* should have referred to the pre–1977 version of the felony menacing statute, our incorrect reference to the 1977 amendment should not be interpreted as anything other than a mistake, and certainly not as authority for incorporating a "specific intent" element into the 1977 statutory definition of felony menacing.

Because the defendant has already been placed in jeopardy for the crime of felony menacing and has been acquitted of that charge, our opinion in this case is limited to

disapproving the trial court's ruling on a question of law. *E.g., People v. Lahr,* 200 Colo. 425, 615 P.2d 707 (1980). The ruling of the district court is accordingly disapproved.