**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**Issiac Joseph WILLIAMS,**
**Defendant–Appellant.**

**No. 90CA1472.**

Colorado Court of Appeals,
Div. IV.

Feb. 27, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Deborah Isenberg Pratt, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Kevin W. Major, Colorado Springs, for defendant-appellant.

Opinion by Judge MARQUEZ.

Defendant, Issiac Joseph Williams, appeals from a judgment of conviction entered upon a jury verdict finding him guilty of second degree assault, felony menacing, and crime of violence. We affirm.

I.

■ Defendant asserts the trial court erred by denying his challenge for cause to a prospective juror based on the juror not being a resident of the county. We disagree.

Sections 13–71–105(1) and 13–71–105(2)(e), C.R.S. (1991 Cum.Supp.) provide that a person who is a United States citizen and resides in a county or lives in such county more than fifty percent of the time, whether or not registered to vote, shall be qualified to serve as a trial juror in such county, but that residency outside of the county with no intention of returning to the county at any time during the succeeding twelve months is grounds for disqualification.

Here, the prospective juror at issue had lived in the county for four and one-half years, but was employed by the United States Air Force and was awaiting relocation at the time of his jury service. He stated on voir dire that he had obtained his commission through the Academy. When asked what state he considered his residence, he answered, "Probably Ohio." However, he had made no decision where he was going to settle upon leaving the Air Force. He paid Ohio income tax and voted in Ohio, but his car was registered in Colorado. The record does not indicate when the juror would be relocated or the juror's intent to return if relocated outside the county.

A challenge for cause based upon the juror's residency was denied by the trial court even though the prosecution did not contest the challenge. The trial court simply denied the challenge without making any findings or stating the basis for its denial.

The parties have not raised the question of the applicability of § 1–2–103, C.R.S. (1980 Repl.Vol. 1B). Therefore, we do not address it here.

We find no error in the denial of the challenge for cause. Despite his contacts with Ohio, the juror had lived in the county more than fifty percent of the time for the preceding four years, and thus, under the controlling statute, he was qualified to

serve as a trial juror. Section 13–71–105(1), C.R.S. (1991 Cum.Supp.).

## II.

Defendant next contends the trial court erred by refusing his tendered self defense jury instruction regarding the charge of felony menacing. We perceive no error.

An instruction embodying the defendant's theory of the case must be given if the record contains any evidence to support it. *People v. Fuller,* 781 P.2d 647 (Colo.1989). This is so no matter how improbable or unreasonable defendant's theory is. *People v. Dillon,* 655 P.2d 841 (Colo. 1982).

Section 18–1–704, C.R.S. (1986 Repl.Vol. 8B) provides that a person is justified in using physical force upon another person in order to defend himself or a third person from what he reasonably believes to be the use or imminent use of unlawful physical force by that other person, and he may use a degree of force which he reasonably believes to be necessary for that purpose. Reasonable belief rather than absolute certainty is the touchstone of self defense. *People v. Jones,* 675 P.2d 9 (Colo.1984).

Here, the trial court concluded that the evidence did not support giving the self defense instruction regarding the charge of menacing, even though the jury was instructed on self defense with relation to the charge of second degree assault.

The record indicates that, during the course of an argument in defendant's apartment, defendant's brother was holding a knife in his hand and that another man hit the brother on the side of his head with a beer bottle. The two then began wrestling on the floor. At that point, the defendant placed a knife at the throat of another man who was watching the altercation, and stated, "If you move, I'll kill you. That is my brother." The brother then requested the assistance of the defendant, and defendant responded by kicking the brother's opponent and stabbing him in the side. When the man who had been threatened with the knife went toward the par-

ties to attempt to stop the fight, the defendant again placed the knife against his throat. That man testified that he had not attempted to assist the brother's opponent during the fight, but only tried to break the two combatants apart, and the brother's opponent corroborated that testimony. The defendant did not testify.

Under this state of the evidence, the record is devoid of any indication that the defendant could have held a reasonable belief that the man he threatened with the knife was engaged in the imminent use of unlawful physical force against defendant's brother. Thus, we conclude the trial court did not err by refusing to instruct the jury regarding self defense as to the charge of felony menacing. *See People v. Dillon, supra.*

## III.

Defendant maintains the trial court erred by denying his motion for new trial based upon newly discovered evidence. Again, we disagree.

To succeed on a motion for a new trial based upon newly discovered evidence, the defendant must show that the evidence was discovered after the trial; that defendant and his counsel exercised diligence to discover all possible evidence favorable to the defendant prior to and during the trial; that the newly discovered evidence is material to the issues involved, and not merely cumulative or impeaching; and lastly that the newly discovered evidence is of such a character as probably to bring about an acquittal verdict if presented at another trial. *People v. Estep,* 799 P.2d 405 (Colo. App.1990).

Motions for new trial based upon newly discovered evidence are generally looked upon with disfavor, and a denial of such a motion will not be overturned unless it has been shown that the trial court clearly abused its discretion. *People v. Jones,* 690 P.2d 866 (Colo.App.1984).

Regarding the allegation that one witness committed two sexual assaults after he testified but before the jury had finished its deliberations, the trial court found that

these facts would not have affected the witness' credibility before the jury because the alleged events took place subsequent to his testimony. As to the asserted need for another witness' testimony, the trial court found that she did not witness any of the acts giving rise to the charged offenses, and her testimony would not have affected the verdict.

We conclude the trial court did not abuse its discretion by denying the motion for new trial based upon newly discovered evidence. The asserted newly discovered evidence was either merely cumulative or impeaching and was neither material to the issues involved nor would it have probably produced a verdict of acquittal on retrial. *See People v. Estep, supra.*

## IV.

 Defendant argues the trial court erred by denying his motion for judgment of acquittal.

When a trial court is confronted with a motion for judgment of acquittal, the issue is whether the relevant evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charges beyond a reasonable doubt. *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973).

Defendant's argument that the evidence was insufficient to show who stabbed the victim is belied by the testimony of the security guard who heard the defendant state, "If you don't get out of here, I'll stab you again." The assertion that the defendant did not commit felony menacing because the victim testified that he was not afraid and did not believe that the defendant would use the knife lacks merit because actual subjective fear on the part of the victim is not a necessary element of the crime. *People v. Stout,* 193 Colo. 466, 568 P.2d 52 (1977); § 18-3-206, C.R.S. (1986 Repl.Vol. 8B). We conclude

the trial court did not err by denying the motion for judgment of acquittal.

Judgment affirmed.

PLANK and HUME, JJ., concur.