**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**William Franklin ZIEG, Defendant–Appellant.**

**No. 91CA0226.**

Colorado Court of Appeals, Div. IV.

May 21, 1992.

Rehearing Denied June 18, 1992.

Certiorari Denied Dec. 1, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John J. Krause, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Haddon, Morgan & Foreman, P.C., Norman R. Mueller, Denver, for defendant-appellant.

Opinion by Judge CRISWELL.

Defendant, William Franklin Zieg, appeals a judgment of conviction entered on a jury verdict finding him guilty of felony menacing. We affirm.

The record establishes that defendant's neighbors had been disturbed on numerous occasions over a six-month period by loud music coming from defendant's townhome. On the night of the incident at issue, unable to sleep, the neighbors called the police to complain about the loud noise. An officer responded to defendant's townhome and warned him about the music. After the officer left, the music stopped.

The neighbors then went to sleep in their bedroom on the third floor of their townhouse, but were awakened shortly thereafter by sounds of defendant screaming and banging on their ground level front door. The neighbors testified that defendant threatened to kill them and to "rip your heads off." They then heard two very loud banging sounds on their front door which "actually shook the whole building." One of the occupants went downstairs to investigate the noise and discovered two holes in the front door, apparently the result of blows by an ax.

Defendant contends that the evidence was insufficient to establish felony menacing. He argues that the victims were in bed three floors above the entrance to their house when this incident occurred and that they did not know until later that an ax was used to damage their door. Considering these circumstances, defendant candidly concedes that the evidence was sufficient to support a conviction of the lesser included offense of misdemeanor menacing. He asserts, however, that, because the victims were unaware of his use of the ax at the time of his assault upon the door and did not discover the nature of this attack until it had ceased and they had come downstairs, he cannot be convicted of felony menacing. We disagree.

Section 18–3–206, C.R.S. (1986 Repl.Vol. 8B) provides that the crime of "menacing" is committed if the perpetrator, "by any threat or physical action, ... knowingly places or attempts to place another person in fear of imminent serious bodily injury." Generally, menacing is a class 3 misdemeanor, but "if committed by use of a deadly weapon, it is a class 5 felony."

Menacing, whether a misdemeanor or a felony, is a general intent crime; it requires only that the defendant be aware that his conduct is practically certain to cause the result. Section 18–1–501(6), C.R.S. (1986 Repl.Vol. 8B); *People v. Crump*, 769 P.2d 496 (Colo.1989). Although it is not necessary to prove actual subjective fear on the part of the victim, nonetheless, what the victim saw or heard and his reactions thereto are relevant considerations in determining whether the defendant had the requisite *mens rea* to commit this offense. *See People v. Gagnon*, 703 P.2d 661 (Colo.App.1985).

We conclude that, here, there was sufficient evidence to support the conviction of felony menacing.

A threat is a statement of purpose or intent to cause injury or harm to another person. *See People v. Hines*, 780 P.2d 556 (Colo.1989). Clearly, defendant's statement of purpose to kill the victims and "rip their heads off" was a threat as contemplated by § 18–3–206, C.R.S. (1986 Repl. Vol. 8B). In addition, the victims testified that they heard these threats and recognized defendant's voice when they were made.

The statute does not require that, in order to commit the felony offense, the perpetrator must induce a greater degree of fear in the victim than would be required for a misdemeanor conviction. In either case, the victim must be placed "in fear of imminent serious bodily injury."

The enhanced nature of the felony offense, therefore, is not based upon the fact that the use of a deadly weapon will induce a greater fear in the victim, although it may have this effect in many instances. The purpose of elevating the crime to a felony in those instances in which a deadly weapon is used is to discourage use of such a weapon so as to prevent the enhanced danger that naturally accompanies its use.

Hence, we conclude that, if the actions of the perpetrator would reasonably cause fear of imminent serious bodily injury in the victim, and if the perpetrator uses a deadly weapon to accomplish this result, felony menacing has been committed, even though the victim may not be aware of the nature of the instrument employed by the perpetrator.

■ Here, defendant's threats were accompanied by loud banging noises on the door which led one of the victims to think that "the door had given way." Under these circumstances, it was not unreasonable for the victims to believe that defendant was attempting to break down their door and to enter their home. Nor was it unreasonable for the jury to conclude that defendant's conduct was of such a nature that he was aware it would almost certainly frighten the victims and lead them to believe they were in jeopardy of imminent serious bodily injury.

Therefore, because the evidence demonstrated that defendant used a deadly weapon to accomplish this forbidden result, it was sufficient to sustain his conviction of the charged felony.

Judgment affirmed.

JONES and DAVIDSON, JJ., concur.