24CA1551 Peo v Stevens 03-19-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1551
Jefferson County District Court No. 23CR527
Honorable Philip J. McNulty, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Corey Nash Stevens,

Defendant-Appellant.

---

JUDGMENT AFFIRMED

Division VI
Opinion by JUDGE YUN
Grove and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 19, 2026

---

Philip J. Weiser, Attorney General, Grant R. Fevurly, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Lindsey Parlin, Alternate Defense Counsel, Denver, Colorado for Defendant-Appellant

¶ 1    Corey Nash Stevens appeals the judgment of conviction entered on jury verdicts finding him guilty of felony menacing, failure to leave premises or property upon request of a peace officer, and obstructing a peace officer.  We affirm.

I.    Background

¶ 2    At trial, the prosecution presented evidence that a neighbor, while walking his dog in front of Stevens's house at around 2:00 a.m., saw Stevens step onto his front porch.  Stevens's pants were down around his ankles, and he was holding his erect penis in one hand and a metal pipe in the other.  He began running back and forth on the porch, shouting at the neighbor to leave.  The neighbor testified that Stevens yelled that he was "going to slash, slash, slash, cut and kill [him]."  Stevens then chased after the neighbor, who ran home and called the police.

¶ 3    When the police arrived, Stevens had barricaded himself inside his house and refused to come out.  Eventually, officers broke down Stevens's door and arrested him.

¶ 4    At trial, Stevens defended on the theory that the neighbor's accusation was not supported by the evidence and that law enforcement's investigation was deficient such that the prosecution

had not proved the charges beyond a reasonable doubt. The jury acquitted Stevens of indecent exposure and public indecency charges but convicted him of felony menacing, failure to leave premises or property upon request of a peace officer, and obstructing a peace officer.

## II.    Sufficiency of the Evidence

¶ 5    Stevens argues that the prosecution presented insufficient evidence to prove beyond a reasonable doubt that he was guilty of felony menacing. We disagree.

### A.    Standard of Review

¶ 6    We review the record de novo to determine whether the evidence was sufficient both in quantity and quality to sustain a conviction. *Clark v. People*, 232 P.3d 1287, 1291 (Colo. 2010). To determine whether the prosecution presented sufficient evidence to support a conviction, we consider "whether the relevant evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt." *Id.* (quoting *People v. Bennett*, 515 P.2d 466, 469 (Colo. 1973)). In doing so, we

2

give the prosecution the benefit of all reasonable inferences supported by a logical connection between the facts established and the conclusion inferred. *Id.* at 1292.

¶ 7 In making this determination, we recognize that "it is the jury which should decide the difficult questions of witness credibility and the weight to be given to conflicting items of evidence," *People v. Gibson*, 203 P.3d 571, 575 (Colo. App. 2008) (quoting *People v. Brassfield*, 652 P.2d 588, 592 (Colo. 1982)), and we do not sit as a thirteenth juror to reassess witness credibility or to reweigh the evidence presented to the jury, *see Clark*, 232 P.3d at 1293; *People v. Franklin*, 645 P.2d 1, 4 (Colo. 1982) ("The determination of the credibility of witnesses is a matter solely within the province of the jury.").

## B. Analysis

¶ 8 As relevant here, a person commits the crime of menacing "if, by any threat or physical action, he or she knowingly places or attempts to place another person in fear of imminent serious bodily injury." § 18-3-206, C.R.S. 2025. Menacing is a class five felony "if committed by the use of a . . . bludgeon." *Id.*

¶ 9     Stevens argues that there was insufficient evidence to support his conviction for felony menacing because (1) contrary evidence undermined the credibility of the neighbor's testimony; (2) law enforcement failed to obtain evidence that could have corroborated the neighbor's claims; and (3) there was insufficient evidence to prove that he acted "knowingly."  We are not persuaded.

### 1.     Neighbor's Testimony

¶ 10     Stevens first argues that the evidence presented at trial contradicts the neighbor's testimony, rendering it "incredible." Specifically, Stevens points to evidence suggesting that (1) the lack of light in the area would have made it impossible for the neighbor to see him and (2) the neighbor's statements to law enforcement showed that the neighbor was not in fear but instead harbored "prejudice and intolerance" toward him.

¶ 11     Concerning the lighting condition, the neighbor testified that while the neighborhood lacked many streetlamps, he was able to see using "basic ambient light" and "moonlight."  He further testified that when Stevens stepped outside, he was "fully lit by [his] front porch light."  Beyond this, police officers testified that even

4

though it was "pitch black" they could see with "night vision" and that "the snow on the ground . . . brightened things up a little bit."

¶ 12    In reviewing the sufficiency of the evidence, "[t]estimony is incredible as a matter of law only when a witness testifies to events that he or she could not possibly have seen or are not possible under the laws of nature." *People v. Plancarte*, 232 P.3d 186, 192 (Colo. App. 2009).  Thus, inconsistencies in testimony regarding the lighting condition do not render the neighbor's testimony incredible as a matter of law.  The jury heard all of this evidence at trial and resolved any conflicting evidence in favor of the prosecution.  *See People v. Mollaun*, 194 P.3d 411, 413 (Colo. App. 2008) ("Determinations of witness credibility as well as the weight given to all parts of the evidence are solely within the province of the fact finder.").  We will not substitute our own judgment for that of the jury.  *See People v. McIntier*, 134 P.3d 467, 471-72 (Colo. App. 2005) ("An appellate court is not permitted to act as a thirteenth juror and set aside a verdict because it might have drawn a different conclusion had it been the trier of fact.").

¶ 13    Nor do we agree with Stevens's argument that the neighbor's statements to law enforcement — that he would "go chase [Stevens]

5

out if you want to catch him" and would "go fucking knock on his door if you want him to run out" — render the neighbor's testimony incredible by showing that the neighbor was not actually in fear but rather harbored "prejudice and intolerance" toward Stevens. The menacing statute requires the defendant to place or attempt to place another person in fear of "imminent serious bodily injury," focusing on whether the defendant was aware that his conduct was practically certain to cause fear. § 18-3-206; *People v. Margerum*, 2018 COA 52, ¶ 56. The neighbor's reaction after-the-fact is not dispositive of Stevens's mental state. *See People v. Saltray*, 969 P.2d 729, 732 (Colo. App. 1998). Even if the neighbor's willingness to help apprehend Stevens had any relation to the fear the neighbor experienced as the incident unfolded — he testified he "fear[ed] for [his] life" — that does not render the evidence insufficient. Further, as discussed above, it was for the jury to assess the neighbor's credibility, consider any potential ulterior motive from past disagreements, and determine what weight, if any, to give that evidence. *See Mollaun*, 194 P.3d at 413.

## 2. Investigation

¶ 14 We also reject Stevens's assertion that law enforcement's failure to recover certain evidence to substantiate the neighbor's claims — such as surveillance video footage from nearby houses or the pipe used in the commission of the offense — renders the evidence insufficient.

¶ 15 As to Stevens's claim concerning law enforcement's failure to obtain any video footage of the incident, a police officer was questioned at trial about why they did not canvass the neighborhood for video footage that might corroborate the neighbor's account. The officer testified that they decided against canvassing because it was determined that it would not yield anything of evidentiary value. The officer explained that outdoor cameras are "[p]rimarily . . . motion activated," and since the incident occurred around Stevens's residence and on the street directly in front of it, it was unlikely that a nearby camera would have captured anything useful. Ultimately, it was up to the jury to assess the adequacy and scope of the investigation and determine what weight, if any, to give that evidence. And to the extent Stevens points to other evidence that he says supports a different inference,

it is not our role to reweigh the evidence and second guess the jury. *See Butler v. People*, 2019 CO 87, ¶ 20.

¶ 16     Relatedly, Stevens argues that because no pipe or similar object was ever recovered or introduced into evidence, the evidence was insufficient to sustain a conviction for felony menacing. But officers testified that they could not collect the specific pipe that the neighbor described because there "were numerous objects" in Stevens's yard matching that description. Instead, officers photographed the yard, and after reviewing these photographs, the neighbor testified that a pipe depicted in one of them was consistent with the pipe he saw Stevens holding — an object the neighbor had previously described in detail.

¶ 17     Viewing this evidence in the light most favorable to the prosecution and affording the prosecution the benefit of every reasonable inference that may be drawn therefrom, we conclude that a reasonable jury could find beyond a reasonable doubt that Stevens used a pipe in committing the offense of menacing. *See Saltray*, 969 P.2d at 732 (concluding evidence was sufficient to show the defendant was armed with a deadly weapon during the

commission of menacing even when no weapon was introduced into evidence as long as the witness described the weapon in detail).

### 3. Evidence of "Knowingly"

¶ 18    Finally, Stevens argues that there was insufficient evidence that he acted "knowingly," relying on the neighbor's testimony that Stevens appeared "unhinged," "beyond upset," "not capable of understanding what was going on in the environment he was in," and was "screaming hatred to the world."

¶ 19    Under Colorado law, a person acts "knowingly" with respect to conduct or circumstances described by statute when he is aware that his conduct is practically certain to cause the result. § 18-1-501(6), C.R.S. 2025.  A defendant's mental state may be established through circumstantial, rather than direct, evidence. *See People v. Collie*, 995 P.2d 765, 773 (Colo. App. 1999) ("Evidence of a defendant's intent can 'rarely be proven other than by circumstantial or indirect evidence.'" (quoting *People v. Valenzuela*, 825 P.2d 1015, 1016 (Colo. App. 1991))).  And the mental state can be inferred from a defendant's conduct and the circumstances surrounding the commission of a crime.  *See People v. Grant*, 174 P.3d 798, 812 (Colo. App. 2007).  Such circumstances include

9

what the victim saw or heard, and how the victim reacted. *People v. Zieg*, 841 P.2d 342, 343 (Colo. App. 1992).

¶ 20 The neighbor testified that as he walked by Stevens's house, Stevens was holding a two-to-three-foot-long piece of galvanized three-quarter-inch pipe, "like a weapon," above his shoulder in his left hand. Stevens screamed at his neighbor to leave the area and threatened to "cut, cut, cut," "slash [his neighbor] open," and "kill [him]." The neighbor testified that Stevens then "aggressively" and "angrily" came down from his front porch and chased him, stopping about ten feet into the street. All the while, Stevens was yelling, "I want to cut you," "I want to stab you," and "I want to kill you." The neighbor also testified that Stevens repeated these threats and, although some words were "slightly . . . unintelligible," his intent was clear. Later, officers testified that Stevens told them "he was going to wait in the bushes all night to kill his neighbor."

¶ 21 Given the description of the pipe, Stevens's act of brandishing it as a weapon, yelling threats at his neighbor, and chasing the neighbor with the pipe, a rational jury — drawing all reasonable inferences in favor of the prosecution — could find that Stevens was aware his actions were practically certain to place his neighbor in

fear of imminent serious bodily injury by the use of the pipe. *See Margerum*, ¶ 56 ("The defendant's subjective awareness may be inferred from his conduct and the surrounding circumstances; direct evidence need not be presented."). And it was for the jury to determine the credibility of Stevens and the neighbor and to resolve any conflicts in the evidence. *See People v. Kessler*, 2018 COA 60, ¶ 12.

¶ 22 Accordingly, we conclude the prosecution presented sufficient evidence to establish the elements of felony menacing.

### III. Disposition

¶ 23 The judgment is affirmed.

JUDGE GROVE and JUDGE SCHOCK concur.