**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**William C. KOON, Defendant-Appellant.**

**No. 84CA0583.**

Colorado Court of Appeals, Div. I.

Nov. 14, 1985.

Rehearing Denied Dec. 12, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Douglas R. Manley, La Junta, for defendant-appellant.

PIERCE, Judge.

Defendant, William C. Koon, appeals his judgment of conviction for sexual assault on a child. We reverse.

Defendant's trial to the court stemmed from allegations made by a fourteen-year-old boy who had been placed under defendant's supervision at the Colorado Boys' Ranch. As was the custom at the ranch, boys were allowed to stay overnight at the homes of individual staff members. On one such occasion, the boy alleged that defendant sexually assaulted him. Six days after the alleged incident, the boy reported it. Much of the testimony at trial focused on the credibility of the boy, his

psychological makeup, his untruthfulness in other instances, and on the credibility of the defendant.

### I.

■ Defendant first argues that the trial court erred in excluding evidence of the boy's sexual history. He argues that although the two express exceptions listed in § 18–3–407(1), C.R.S. (1978 Repl.Vol. 8), do not apply to his case, evidence of the boy's prior sexual conduct should have nevertheless been admitted under § 18–3–407(2), C.R.S. (1978 Repl.Vol. 8). We disagree.

Section 18–3–407, C.R.S. (1978 Repl.Vol. 8), establishes a presumption that evidence of the victim's prior or subsequent sexual conduct is irrelevant. Pursuant to § 18–3–407(2)(e), the court here determined that evidence of the boy's prior homosexual conduct does not bear on his credibility and was irrelevant. The trial court went on to state that it would admit defendant's testimony regarding any conversations he had with the boy about his prior homosexual experiences.

The trial court's determination that evidence is irrelevant is within its sound discretion, and will not be reversed absent a showing of an abuse thereof. *People v. Lowe*, 660 P.2d 1261 (Colo.1983). Under the circumstances of this case, defendant has not overcome the presumption established by § 18–3–407; thus, no abuse has been shown. *See People v. Gallegos*, 644 P.2d 920 (Colo.1982).

### II.

■ Defendant next contends that the trial court erred in allowing a social worker, who was qualified as an expert, to give his opinion as to the truthfulness of the boy's allegations against defendant. We agree that the social worker's testimony over-stepped the bounds of admissible character evidence.

Although CRE 704 states that opinion testimony is "not objectionable because it embraces an ultimate issue to be decided by the trier of fact," this rule does not admit all opinions. *See* Fed.R.Evid. 704 (Advisory Committee's Note). For example, under CRE 701 and 702, to be admissible, opinions must be helpful to the trier of fact, and CRE 403 calls for the exclusion of evidence which wastes time, misleads the jury, or is unfairly prejudicial.

In addition, if the opinion deals directly with the credibility of a witness, its admissibility must be assessed with regard to the limitations stated in CRE 608(a). Under CRE 608(a), once a witness' character for truthfulness has been attacked, as the boy's was here, opposing counsel may present evidence of truthful character. However, this general rule requires further inquiry as to whether "evidence of truthful character" may include opinion testimony as to specific instances of veracity.

Generally, opinion testimony as to credibility has been excluded unless the subject matter concerns organic or mental disorders or physical maladies and habits. *See United States v. Wertis*, 505 F.2d 683 (5th Cir.1974); *United States v. Barnard*, 490 F.2d 907 (9th Cir.1973). Thus, opinion testimony as to veracity of a witness is admitted in those situations in which there exists a question of insanity, mental derangements such as delusions, hallucinations, or sexual psychopathy, or other maladies such as drug addiction. *See generally*, Annot., 20 A.L.R.3d 684 (1968 & Supp.1985). No such disorders or maladies were here asserted.

In sexual assault situations, at least where the victim is a very young child, opinion testimony as to credibility of the child-victim is admitted if that testimony relates to general characteristics. For example, opinion testimony as to "whether children, generally, have the 'sophistication' to lie about having experienced a sexual assault" is admissible. *People v. Ashley*, 687 P.2d 473 (Colo.App.1984). Such expert opinion is admitted because it may help the jury to make a more informed decision in evaluating the credibility of a testifying child, and not be misled, for example, by the child's delay in reporting the incident. *See State v. Middleton*, 294 Or. 427, 657 P.2d 1215 (1983).

However, neither a lay nor expert witness may give opinion testimony with respect to whether a witness is telling the truth on a specific occasion. *State v. Middleton, supra; State v. Haseltine,* 120 Wis.2d 92, 352 N.W.2d 673 (1984). Expert testimony is to be excluded on the question of whether a witness is fantasizing or fabricating the particular facts at issue. *State v. Saldana,* 324 N.W.2d 227 (Minn. 1982).

Thus, although defendant here attacked the boy's character for truthfulness in his cross-examination of the boy, CRE 608(a) renders inadmissible the social worker's testimony that he thought that the boy was not being "untruthful" in telling him the story, or that he thought the boy went forward because it was a factual incident, or that in his opinion, the boy was "telling the truth." This testimony did not express an opinion of the "character" of the boy; rather, it referred to a specific occasion of truthfulness. As such, these statements should not have been admitted. *See United States v. Earley,* 505 F.Supp. 117 (S.D. Iowa 1981); Annot., 52 A.L.R.Fed. 440 (1981 & Supp.1984).

Had there been a jury, such testimony would have clearly invaded the province of the jury with respect to its credibility determinations and, thus, would have constituted reversible error. We find it also to be reversible error in this trial to the court.

We are aware that in a trial to the court there is a presumption that all incompetent evidence is disregarded by the court in reaching its conclusions. *People v. Mascarenas,* 181 Colo. 268, 509 P.2d 303 (1973). However, this principle is not applicable where, as here, the evidence is not rejected by the trial court nor found incompetent. The trial court here misapplied *People v. Ashley, supra,* and thereby erroneously accepted the testimony on credibility.

In its ruling admitting the testimony, the court stated: "[the social worker] is qualified ... to testify with regard to the credibility of the alleged victim." In addition, in its findings of fact, the trial court specifically noted the social worker's opinion "that he felt [the victim] was telling the truth...." This treatment of the evidence demonstrates the trial court's clear intention to accord it significant weight and thus, negates the presumption that this testimony was disregarded.

Inasmuch as the case against defendant was tenuous at best, we conclude that the impermissible opinion testimony of the social worker could have affected the outcome of the trial. Hence, its admission was reversible error.

Defendant's remaining contentions either lack merit or will not likely recur on retrial.

The judgment is reversed and the cause is remanded for a new trial.

VAN CISE and STERNBERG, JJ., concur.