The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Charles Franklin PRONOVOST,
Defendant–Appellant.

No. 86CA0980.

Colorado Court of Appeals,
Div. II.

Nov. 25, 1987.

Rehearing Denied Dec. 24, 1987.

Certiorari Granted (People) June 6, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Paul H. Chan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Fischer and Gerrard, Mark J. Fischer, Hayden, for defendant-appellant.

VAN CISE, Judge.

Defendant, Charles Pronovost, appeals from a judgment of conviction entered on a jury verdict finding him guilty of one count of sexual assault on an 11–year–old child allegedly committed in April 1985. We reverse and remand for a new trial.

#### I.

Defendant first contends that testimony by a psychiatrist called as an expert witness on behalf of the People was improper because it was the equivalent of a statement that the victim was telling the truth. Under the present state of the law, we disagree.

■ In child sexual abuse cases, an expert witness may not express an opinion that the victim was telling the truth. *Tevlin v. People,* 715 P.2d 338 (Colo.1986). Also, absent an attack on the complaining witness' credibility, expert testimony which has the sole purpose of bolstering that testimony is improper. *People v. Snook,* 745 P.2d 647 (Colo.1987). However, expert testimony is admissible to describe the pattern of reactions which abused children typically exhibit. *People v. Koon,* 724 P.2d 1367 (Colo.App.1986).

■ In this case, the psychiatrist was qualified, without objection, as an expert in child psychology and specifically in the responses of children who have sustained traumatic abuse. She testified that the victim's demeanor and the manner in which she gave her account of the incident were consistent with typical child abuse cases. At no time did the psychiatrist testify to the victim's truthfulness. Rather, in ruling on defendant's motion in limine and later at trial, the trial court recognized that the witness could not testify as to truthfulness.

· Rulings upon admissibility of expert testimony are matters committed to the sound discretion of the trial court, and such rulings will not be disturbed absent a clear showing that its discretion has been abused. *People v. Koon, ·supra.* There was no abuse of discretion here.

#### II.

Defendant also contends that the trial court's refusal to allow the late endorsement of a psychologist offered as an expert witness for the defense denied him his right to a fair trial. We agree.

At the time of arraignment in October 1985, the trial court ordered that discovery be completed by February 14, 1986. Both parties filed certificates of compliance, together with witness lists, on or before that date. Then, on March 28, three days before the scheduled trial date, defendant filed a "motion to continue and waiver of speedy trial" in order to endorse an expert witness. The court was notified at the time it was filed, and it was set for hearing the morning of trial.

In the motion and at the hearing, defense counsel recited the unsuccessful efforts previously made to obtain an expert at a fee that his client could afford. On March 27, he and his client had been able to make affordable arrangements with an experienced, qualified psychologist who examined defendant and would testify to the patterns and profiles of child molesters and that defendant did not fit any of those patterns or profiles. Also, he wanted to and could interview the child victim.

Defense counsel asked for a continuance to enable the prosecutor to interview this witness and to examine his report. In the alternative, if continuance was denied, the court was asked to allow the witness to be endorsed and to give the People an opportunity to review his report with him and let him testify on the second day of the trial. The court denied the continuance and, because of the untimeliness of his being endorsed, precluded the witness from testifying both in defendant's case-in-chief and, later, as a rebuttal witness.

A trial court has broad discretion in considering motions for late endorsement of additional witnesses. *People v. District Court,* 664 P.2d 247 (Colo.1983). The issue here is whether, and under what circumstances, in exercising that discretion, a trial court may exclude a defense witness in a criminal proceeding because defense counsel requested endorsement of that witness after the discovery period has expired.

The Sixth and Fourteenth Amendments protect a criminal defendant's right to call witnesses on his own behalf, and exclusion of defense witnesses threatens that right. *Chambers v. Mississippi,* 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973); *Washington v. Texas,* 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967).

When defense counsel's failure to comply with discovery rules is unrelated to the probative value of the evidence, exclusion of defense witnesses may lead to an unfair conviction. *See Chappee v. Massachusetts,* 659 F.Supp. 1220 (D.Mass.1987) (state court's exclusion of three expert witnesses whose names were furnished during cross-examination of the People's expert denied defendant his Sixth and Fourteeth Amendment rights to present a defense); *United States ex rel. Enoch v. Hartigan,* 768 F.2d 161 (7th Cir.1985), *cert. denied,* 475 U.S. 1053, 106 S.Ct. 1281, 89 L.Ed.2d 588 (1986) (defendant's right to present witnesses in his defense overcame right of court to exclude witnesses whose names were not supplied on required witness list). *See also* 2 ABA, *Standards for Criminal Justice,* Standard § 11–4.7(a) (2d ed. 1982) (1986 Supp.).

Neither the Colorado appellate courts nor the Court of Appeals for the 10th Circuit has yet addressed this issue. The courts that have ruled on the issue of exclusion of evidence because of a failure to comply with discovery rules have used two different approaches. The first approach, adopted by the Fifth Circuit, is an absolute prohibition against the exclusion of evidence to enforce discovery rules. *United States v. Davis,* 639 F.2d 239 (5th Cir.1981). Other courts have adopted a balancing test which measures the People's interest in enforcing discovery rules against the defendant's Sixth Amendment right to call witnesses in his favor. *See Fendler v. Goldsmith,* 728 F.2d 1181 (9th Cir.1984); *United States ex rel. Enoch v. Hartigan, supra; Alicea v. Gagnon,* 675 F.2d 913 (7th Cir.1982); *Chappee v. Massachusetts, supra; Braunskill v. Hilton,* 629 F.Supp. 511 (D.N.J.1986), *aff'd,* 808 F.2d 1515 (3rd Cir.1986).

The factors considered in the balancing approach include: "1) whether the discovery violation was willful or in bad faith; (2) the materiality of the evidence excluded; 3) the extent to which the prosecution will be surprised or prejudiced; 4) the effectiveness of less severe sanctions; and 5) whether the defendant himself knew of or cooperated in the discovery violation." *Chappee v. Massachusetts, supra.*

As to the first factor, there is no evidence in the record that the failure to comply with the discovery deadline was willful or in bad faith. Defense counsel stated that although other potential expert witnesses had been contacted, it was only on the Thursday before trial that a psychologist had been located who was willing to testify as an expert at an affordable fee.

The second factor in the balancing test is the materiality of the evidence excluded. The offer of proof was that the proffered expert had interviewed defendant and performed psychological tests on him and would have testified that there exist certain patterns or profiles of child molesters and that the defendant did not fit any of them. The People presented an expert witness who testified concerning the typical profile of a victim of child molestation and that complainant fit that profile. Therefore, we conclude that the excluded evidence would have been relevant and material.

The third and fourth factors are the extent to which the prosecutor was surprised and prejudiced, and the effectiveness of less severe sanctions. While the prosecutor clearly was surprised, and there might have been some prejudice if the trial court had ruled on Thursday that defendant's expert could testify at the trial starting the following Monday without making special arrangements to accommodate the prosecutor, alternative sanctions could have minimized any prejudice. Defense counsel re-

quested a continuance, offered to waive speedy trial rights, and was willing for the prosecutor to interview this expert and review his report. In addition, to lessen the impact of the late endorsement, defense counsel offered a plan in the event no continuance was granted; the proffered expert would have his report ready, the prosecutor would have the opportunity to review the report with him, and the expert would testify on Tuesday (or later) rather than on the first day of trial.

As to the final factor, there was no showing that the defendant himself knew of, or cooperated in, the discovery violation.

Therefore, we conclude that the exclusion of the testimony of this witness was an abuse of discretion, violated defendant's Sixth and Fourteenth Amendment rights to present a defense, and constituted reversible error.

### III.

Having held that exclusion of the expert witness was reversible error, we need not address defendant's other contentions for reversal.

The judgment is reversed and the cause is remanded for a new trial.

SMITH and KELLY, JJ., concur.