The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Charles Joseph DENINGER,
Defendant–Appellant.

No. 87CA1572.

Colorado Court of Appeals,
Div. I.

Feb. 16, 1989.

Rehearing Denied March 23, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Laurie E. Menconi–Smith, Asst. Atty. Gen., Denver, Colo., for plaintiff-appellee.

Alexander Garlin, P.C., Alexander Garlin, Boulder, Colo., for defendant-appellant.

PLANK, Judge.

Defendant, Charles J. Deninger, appeals a judgment of conviction entered upon a jury verdict finding him guilty of sexual assault on a child. We affirm.

Defendant was accused of having committed three sexual assaults upon the daughter of a family friend. At trial, the prosecution offered the testimony of the victim and her mother. Additionally, the prosecution offered the testimony of a social worker who had interviewed the girl after the alleged assaults were reported. The defendant took the stand in his own behalf and denied all the allegations made against him. The jury returned a verdict of guilty on all counts.

## I.

■ The defendant initially alleges that he was deprived of due process when the prosecution failed to reveal, prior to the commencement of the criminal trial, that the victim had retained counsel to represent her in a civil suit against the defendant. The defendant argues that this evidence would have been useful on cross-examination. The defendant contends this testimony could have revealed a potential financial incentive for the victim to fabricate her testimony and that it was therefore exculpatory evidence which should have been disclosed to him prior to trial. We disagree.

A new trial based upon non-disclosed information is required only if the evidence is both exculpatory and material. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). *See People v. Humes*, 762 P.2d 665 (Colo.1988). "The mere possibility that an item of undisclosed information might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342, (1976). Evidence is "material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). *See People v. Shaw*, 646 P.2d 375 (Colo.1982).

In the case at issue, the trial court ruled that defendant failed to establish that, had he known the victim was contemplating a tort action, there is a reasonable probability that his trial would have culminated in a different result. We agree with that ruling. At the hearing on the defendant's motion for a new trial, the evidence established that at the time of trial, a final decision regarding the filing of a civil suit had not been made. That evidence, in light of the consistent testimony of prosecution

witnesses, support the trial court's conclusion that the non-disclosure was without significant impact. Accordingly, that finding is binding on review. *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979).

II.

The defendant next contends that the trial court erred when it permitted an expert witness to give testimony that the victim displayed characteristics and behavior which indicated her truthfulness and credibility. We disagree.

Expert testimony is admissible to describe the patterns of reactions which abused children typically exhibit. *People v. Provonost,* 756 P.2d 387 (Colo.App.1987). The fact that such evidence is incidentally corroborative does not warrant reversal. *People v. Koon,* 724 P.2d 1367 (Colo.App. 1986).

Here, the testimony of the social worker focused on the description of her evaluation process. The witness made it clear that she was speaking of children in general, rather than about a specific child. When the social worker did testify about the victim, she recounted her observations of the girl's demeanor, without stating any conclusions or opinions based upon her observations. We conclude that because the testimony was permissible evidence of typical behavior patterns of child victims of sexual abuse, its admission was not error. *People v. Koon, supra. See also People v. Higa,* 735 P.2d 203 (Colo.App.1987).

JUDGMENT AFFIRMED.

PIERCE and ENOCH *, JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo.Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).