The **PEOPLE** of the State of Colorado,
Plaintiff–Appellee,

v.

John **FASY**, Defendant–Appellant.

No. 89CA0463.

Colorado Court of Appeals,
Div. IV.

Feb. 14, 1991.

Rehearing Denied March 14, 1991.

Certiorari Granted Aug. 5, 1991.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Douglas J. Friednash, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Frances Smylie Brown, Chief Appellate Deputy Public Defender, Denver, for defendant-appellant.

Opinion by Judge CRISWELL.

Defendant, John Fasy, appeals a judgment of conviction of sexual assault on a child. He argues, among other things, that the trial court erred in allowing an expert to give an opinion that the alleged victim suffered from post-traumatic stress syndrome and in admitting the hearsay testimony of certain witnesses. Because we conclude that, under the circumstances here, the admission of the expert testimony was improper, we reverse and remand for a new trial.

The young child in this case did not report the alleged sexual assault for a period of approximately three years. During this period, there was evidence that she suffered from sleeplessness, nightmares, and vomiting. She was treated for these symptoms by the same psychologist who later testified for the prosecution. After reporting the alleged assault, her nausea ceased and her sleeping habits improved.

At trial, the child was the first witness presented. She testified that she had not previously reported the assault because the defendant had threatened to kill her mother if she told anyone about the incident. She also testified that, at the time of the incident, she did not understand that defendant's actions were "wrong."

After the child's testimony, the prosecutor called several witnesses who testified pursuant to § 13–25–129, C.R.S. (1987 Repl. Vol. 6A), to various out-of-court statements that the child had made to them. These statements were generally consistent with the child's testimony.

One of these witnesses was the treating psychologist, who described the course of his counseling sessions with the child. He testified that, when he first began counselling her, she was sad, anxious, depressed, and reluctant to speak with him. Nevertheless, over a number of visits she described to him one specific instance of sexual assault by the defendant. He repeated this detailed statement to the jury. This witness also described the symptoms of post-traumatic stress syndrome, which he stated may be caused by a sexual assault and which include symptoms consistent with those he described the child as having. He was then allowed to opine that the child was presently suffering from this disorder.

I.

Defendant first argues that the trial court erred in admitting the testimony of the psychologist that the victim was presently suffering from a post-traumatic stress disorder. He contends such testimony should not have been admitted because it was the equivalent of a statement that the child was telling the truth about the alleged sexual assault. In light of the nature of the other testimony given by this same witness, we agree.

Generally, testimony that describes the reactions of other victims of sexual assaults is admissible only to support the victim's credibility after an attack has been made upon her character for truthfulness. *People v. Snook*, 745 P.2d 647 (Colo.1987). *See Tevlin v. People*, 715 P.2d 338 (Colo. 1986). *Cf. People v. Hampton*, 746 P.2d 947 (Colo.1987) (in case of alleged sexual assault on adult, general explanation of reactions of persons suffering from rape trauma syndrome admissible to explain victim's delay in reporting assault).

However, even in those instances in which such evidence is admissible to rebut adverse character evidence, it is impermissible to allow a witness expressly to assert that the victim was being truthful on a specific occasion. *People v. Koon*, 713 P.2d 410 (Colo.App.1985) (*Koon* I); *People*

*v. Koon,* 724 P.2d 1367 (Colo.App.1986) (*Koon* II).

■ And, even though the testimony contains no express assertion of the victim's truthfulness, testimony that amounts to an implied assertion of truthfulness is also improper. *People v. Snook, supra.*

■ In regard to the issue of an implicit affirmation of a child's truthfulness, this court has previously held that an expert's testimony to the effect that a child's demeanor and manner is consistent with the demeanor and reactions of other victims of sexual assault is not the testimonial equivalent of an assertion that the child was telling the truth on a particular occasion. *People v. Pronovost,* 756 P.2d 387 (Colo. App.1987), *aff'd on other grounds,* 773 P.2d 555 (Colo.1989). However, the Colorado Supreme Court has recently suggested that such testimony may be improper. *See People v. Newbrough,* 803 P.2d 155 (Colo. 1990) (expert testimony that child's symptoms were consistent with those of other minor victims of sexual assaults "may be" interpreted as improper comment on truthfulness of child).

Here, the expert testimony went beyond a mere general description of the reactions of minor victims of sexual assault. Indeed, it even went beyond the expression of an opinion that the child evidenced such reactions and was suffering from post-traumatic stress syndrome.

Prior to expressing this opinion, this same expert witness had repeated to the jury a detailed, accusatory statement made to him by the child, which statement was offered for its truth pursuant to § 13–25–129. Given this testimony, therefore, when the witness then offered the opinion that the child was, in fact, suffering the after-effects of a prior sexual assault, such opinion must necessarily have conveyed to the jury the message that the expert considered the child's report to be truthful. *See People v. Snook, supra.*

Thus, the testimony given by the expert here went beyond even that approved in *People v. Pronovost, supra.* And, by allowing the same witness who testified respecting a detailed accusatory statement implicating defendant also to express the opinion that the child was suffering from a post-traumatic stress syndrome, the court erred.

■ Further, given the record here, we cannot say that the admission of this testimony was harmless error. There was no physical evidence that corroborated the child's statements. Thus, the verdict was dependent upon the jury's determination of the child's credibility, and the expert's testimony was the equivalent of a statement that, in his opinion, the victim was telling the truth on the specific occasion in question. This testimony not only bolstered the child's testimony, it also gave added weight to the accusatory statements the child had made to other witnesses, which those statements otherwise would not have possessed. Under such circumstances, the evidence of defendant's guilt was not so overwhelming that this error may be considered as not having substantially influenced or affected the fairness of the trial proceedings. *Cf. Tevlin v. People, supra.* Accordingly, defendant's conviction of sexual assault must be reversed.

## II.

In regard to a matter that may arise on retrial, defendant contends that the trial court erroneously admitted testimony concerning out-of-court statements made by the child to her mother, to her psychologist, and to a school counselor. Although these hearsay statements were admitted by the trial court under § 13–25–129, C.R.S. (1987 Repl.Vol. 6A), the defendant argues that they should have been excluded under CRE 403 because their probative value was substantially outweighed by their unfair prejudicial effect. We perceive no error.

Initially, we shall assume, without deciding, that statements that would otherwise be admissible under § 13–25–129 may, nevertheless, be excluded if CRE 403 would require it. But *see People v. Bowers,* 801 P.2d 511 (Colo.1990) (statute controls over CRE 804(b)(5)); *People v. Diefenderfer,* 784 P.2d 741 (Colo.1989) (statute controls over CRE 803(24)). We conclude, however,

that CRE 403 does not require the statements' exclusion in this case.

For relevant evidence to be excluded pursuant to CRE 403, its probative value must be substantially outweighed by the danger of *unfair* prejudice, and the party opposing its admission must overcome the presumption in favor of the admission of relevant evidence. *Koehn v. R.D. Werner Co.*, 809 P.2d 1045 (Colo. 1990).

All effective evidence is prejudicial in the sense that it is damaging to the party against whom it is being offered. Generally, however, exclusion is required only if the evidence has some undue tendency to suggest a decision on an improper basis, commonly an emotional basis, such as bias, sympathy, hatred, contempt, retribution, or horror. *Koehn, supra.*

The decision whether to admit evidence is within the sound discretion of the trial court, and its determination will not be overturned on appeal unless an abuse of that discretion is shown. *People v. Henderson*, 794 P.2d 1050 (Colo.App.1989).

Here, there was no such abuse of discretion. While the child's out-of-court statements were prejudicial to defendant in the sense that they tended to establish his guilt, we discern no *unfair* prejudice resulting from their admission.

Defendant does not contend that there were insufficient indicia of reliability concerning the child's out-of-court statements to permit their admission under § 13–25–129. Since these statements were all admissible under that statute, the burden was on defendant to show that there was some basis for refusing to admit them. However, beyond the conclusionary statement that the evidence was prejudicial and cumulative, defendant has provided no justification for overturning the court's action in admitting this evidence. Therefore, we conclude that the admission of these hearsay statements was proper.

### III.

By virtue of our holding above, defendant's additional contention that the trial court erred in refusing to provide him with a transcript of the motions hearing is rendered moot and need not be addressed by us.

The judgment of conviction is reversed, and the cause is remanded for a new trial.

MARQUEZ and DAVIDSON, JJ., concur.