**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Kyle M. AMBROSE, Defendant–Appellant.**

**No. 92CA0355.**

Colorado Court of Appeals, Div. I.

July 28, 1994.

Rehearing Denied Sept. 8, 1994.

---

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Catherine P. Adkisson, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Thomas K. Carberry, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge ROY.

Defendant, Kyle Michael Ambrose, appeals from the judgments of conviction entered upon jury verdicts finding him guilty of two counts of theft over $10,000. We reverse.

Defendant and his wife owned a title insurance company, Nordic Title. After the business was closed in May of 1988, it was discovered that over $190,000 in escrow funds had been misappropriated. Defendant and his wife were then separately charged with two counts of theft over $10,000. Though the charges were framed in terms of two closings occurring in May of 1988, the insufficiency of funds in the escrow account arose from, and the prosecution's evidence addressed, misappropriations occurring from as early as April of 1987, if not earlier. Defendant's wife was tried first, convicted, and testified at defendant's trial that she alone committed the theft and that defendant was not aware of her activities.

## I.

Defendant first contends that the trial court erred by refusing to allow wife's counsel to testify as to prior consistent statements made by his wife. We agree.

CRE 801(d)(1)(B) provides that a prior consistent statement is not hearsay if: (1) the declarant testifies at trial; (2) the declarant is subject to cross-examination concerning the statement; (3) the statement is consistent with the declarant's testimony at trial; and (4) the statement is offered to rebut an express or implied charge of recent fabrication or improper influence or motive. *See People v. Graham,* 678 P.2d 1043 (Colo.App. 1983), *cert. denied,* 467 U.S. 1216, 104 S.Ct. 2660, 81 L.Ed.2d 366 (1984).

Here, defendant's wife was called as a defense witness and testified that she had misappropriated the funds without her husband's knowledge. On cross-examination, the prosecutor elicited testimony that she still loved defendant, that she did not want to see him convicted, that she wanted him to stay with her, that she was testifying to make amends, that she was accepting full blame for the theft, and that she had never told him that she was taking funds from the escrow account.

Defendant then called Nordic Title's and wife's former counsel to testify regarding earlier statements made by defendant's wife concerning the defendant's knowledge of the misappropriation of funds from the escrow account. Wife's counsel's testimony was offered pursuant to CRE 801(d)(1)(B) for the express purpose of rehabilitating the credibility of defendant's wife. Defense counsel stated, as an offer of proof, that the witness would testify that defendant's wife came to his office in the summer of 1988, prior to any criminal charges being filed, and told him that she had taken money out of the escrow account and that defendant did not know about the transfers.

■ As we read the record, the trial court disallowed the testimony on the sole ground that a proper foundation had not been established. Specifically, it held that defendant should have first confronted the defendant's wife with the prior consistent statement and then refused to permit defendant to recall his wife for that limited purpose. However, contrary to the premise of the trial court's ruling, there is no need to confront the witness with a prior consistent statement because the witness has no need to explain, change, or qualify the present testimony or the prior statement.

■ Here, all conditions precedent to the admission of the prior consistent statements were established: (1) defendant's wife testified at trial; (2) she was available for cross-examination regarding the statement; (3) the offered statement was consistent with her trial testimony that defendant did not have knowledge of the theft; and (4) the statement rebutted the prosecution's clear implication that defendant's wife's testimony was the result of recent fabrication or improper influence or motive. *See People v. Graham, supra.* There need not be any change in motive between the time the prior consistent statement was made and the testimony. *People v. Koon,* 724 P.2d 1367 (Colo. App.1986).

Therefore, we conclude that the trial court erred in not allowing the attorney's testimony.

Relying on *People v. DelGuidice,* 199 Colo. 41, 606 P.2d 840 (1979), *People v. Tyler,* 745 P.2d 257 (Colo.App.1987), and *People v. Andrews,* 729 P.2d 997 (Colo.App.1986), the People argue that the witness must first be impeached with prior inconsistent statements before prior consistent statements can be admitted pursuant to CRE 801(d)(1)(B). While it is true that in each of these cases the witness had been previously impeached with prior inconsistent statements, that fact was not determinative in those cases and has not been held to be a condition precedent to the admission of a prior consistent statement pursuant to CRE 801(d)(1)(B). *See People v. Exline,* 775 P.2d 48 (Colo.App.1988); *People v. Bowman,* 738 P.2d 387 (Colo.App.1987); *People v. Koon, supra; People v. Sharrock,* 709 P.2d 973 (Colo.App.1985).

Further, the record demonstrates that the error in not admitting the prior consistent statements had a prejudicial impact on defen-

dant. *See* Crim.P. 52(a); *People v. St. John,* 668 P.2d 988 (Colo.App.1983).

■ Here, the defendant's lack of knowledge or participation was the cornerstone of his defense. The corroborative testimony of his wife and her credibility were relevant and significant in this defense. Her credibility was attacked, both in cross-examination and during closing argument, by the inference of improper motive based on the marital status and continuing affection for the defendant. In addition, the prosecution pointed out that she had already been convicted and had nothing to lose by accepting the full responsibility for the theft. And, the importance of the wife's testimony and credibility was amplified because the prosecution was proceeding, in part, on a complicity theory.

Hence, the exclusion of the prior consistent statements of defendant's wife affected substantial rights of defendant, and thus, such error mandates reversal.

## II.

Among the other contentions of error that may arise on retrial is defendant's assertion that the trial court erred in instructing the jury generally concerning the relationship between criminal and civil liability. We agree that the trial court erred in so instructing the jury.

■ A trial court should not instruct a jury on abstract principles of law unrelated to the issues in controversy. *People v. Alexander,* 663 P.2d 1024 (Colo.1983).

■ Here, the trial court instructed the jury, over the objection of the defendant, as follows:

> The provisions of this criminal code do not bar, suspend, or otherwise affect any right or liability to damages, penalty, forfeiture, or any other remedy authorized by law to be recovered or enforced in a civil action for any conduct which this code makes punishable; civil injury is not merged into the offense.

This instruction follows § 18–1–103(3), C.R.S. (1986 Repl.Vol. 8B) with respect to the scope and application of the criminal code.

The trial court concluded that the instruction should be given as the jury had heard testimony with respect to civil liability for the missing funds. Defendant contends that the instruction had no relevance and may have confused and misled the jurors.

We agree with defendant and direct that, under a similar evidentiary posture on retrial, the instruction not be given.

## III.

Lastly, defendant contends that the trial court violated his right to due process by erroneously instructing the jury on the theory of complicity. We find no error.

The jury was instructed in accordance with the pattern jury instructions for complicity. *See COLJI–Crim.* No. 6:04 (1983). We conclude that the decision of our supreme court in *People v. Wheeler,* 772 P.2d 101 (Colo. 1989) and this court's decisions in *People v. Close,* 867 P.2d 82 (Colo.App.1993) and *People v. Robinson,* 874 P.2d 453 (Colo.App. 1993) are dispositive of defendant's arguments.

The judgments of conviction are reversed, and the cause is remanded for a new trial.

RULAND, J., concurs.

METZGER, J., dissents.

Judge METZGER dissenting.

Because the facts contained in the defendant's offer of proof were irrelevant to the issues before the jury, I believe that the trial court did not abuse its discretion in rejecting the proffered testimony. Therefore, I respectfully dissent from Part I of the majority opinion.

CRE 401 defines relevant evidence as that "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The determination of relevance rests in the sound discretion of the trial court. *See People v. Carlson,* 712 P.2d 1018 (Colo.1986).

In this case, defendant was charged with two counts of theft of $10,000 or more. The

first theft allegedly occurred between May 5 and 15, 1988. The second allegedly occurred between May 11 and 12, 1988.

On May 4, 1988, Nordic Title had entered into a contract with its underwriter, the effect of which was to terminate immediately the underwriting agreement between the two. Defendant concedes that the effect of that contract was to put Nordic Title out of business. However, the contract did permit Nordic Title to complete two pending transactions. Those two transactions formed the basis of the charges against defendant.

The offer of proof made by defendant's attorney is:

> I would just, as an offer of proof, say that some time in the summer of 1988, [defendant's wife] did come to him. He was her attorney, she was crying, she was upset, she was suicidal. She wanted to turn herself in to the police and when he further questioned her, she said that she had been writing checks from the escrow account into the operating account to try to keep the business afloat and there were shortages in the escrow account as a result of that; that she did all of this behind her husband, Kyle Ambrose's, back, that he didn't know about any of it, and [the attorney] then advised her to talk to a criminal lawyer and that she took that advice.

This offer of proof deals only with actions defendant's wife took before Nordic Title effectively closed on May 4, 1988. It refers to her motivation to "keep the business afloat." No reference is made to any actions she may have taken, or any knowledge defendant may or may not have had of her conduct, after that date.

The issue at trial was what knowledge, if any, defendant had regarding the status of the Nordic Title escrow account for the two transactions that occurred between May 5 and 15, 1988. Thus, what defendant's wife may or may not have told the attorney about her check-writing practices before May 5 has nothing to do with the main issue in the case.

The trial court implicitly determined that the proffered testimony was irrelevant. Since the determination of relevance rests in the discretion of the court, *People v. Carlson,*

*supra,* and since the record supports that implicit determination, I would hold that the trial court did not abuse its discretion in rejecting the proffered testimony. Hence, I would affirm defendant's conviction.