**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Antonio SEGURA, Defendant–Appellant.**

**No. 94CA0565.**

Colorado Court of Appeals, Div. III.

Dec. 21, 1995.

Rehearing Denied Jan. 25, 1996.

Certiorari Denied Sept. 3, 1996.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Laurie A. Booras, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Anne Stockham, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge BRIGGS.

Defendant, Antonio Segura, appeals the judgment of conviction entered on jury verdicts finding him guilty of sexual assault on a child, third degree sexual assault, two counts of felony menacing, and two counts of second degree criminal trespass. He contends that the trial court committed reversible error in admitting prior statements of the victims and that the evidence was insufficient to support the verdicts of guilt on the two felony menacing counts. We affirm.

## I.

Defendant contends the trial court erred in allowing the prosecution to introduce prior statements of the two victims. We perceive no error.

Both victims testified at trial that defendant touched one victim's breast and buttocks. In cross-examination, defense counsel elicited testimony from the victims that they had spoken to each other the day after the incident in question before filing statements with the police. In its rebuttal case, the prosecution presented the testimony of the investigating officer that both victims had reported consistent statements to him on the evening of the incident. Similar statements were included in the victims' written statements to police.

### A.

██ Under CRE 801(d)(1)(B), a statement is not hearsay if the declarant testifies at trial and is subject to cross-examination, the statement is consistent with the declarant's testimony, and it is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive. *See People v. Page,* 907 P.2d 624 (Colo.App. 1995).

██ In *Tome v. United States,* —— U.S. ——, 115 S.Ct. 696, 130 L.Ed.2d 574 (1995), the United States Supreme Court held that Fed.R.Evid. 801(d)(1)(B), which is essentially identical to CRE 801(d)(1)(B), permits the introduction of a declarant's out-of-court statements as nonhearsay evidence only if those statements were made *before* the alleged fabrication or improper influence or motive.

The Court in *Tome* reasoned that a consistent statement predating the motive for fabrication is a "square rebuttal" of the charge that the testimony was contrived as a consequence of that motive. *Tome v. United States, supra,* —— U.S. at ——, 115 S.Ct. at 701, 130 L.Ed.2d at 583. By contrast, prior consistent statements carry little rebuttal force when most other types of impeachment are involved. Furthermore, if the rule were to permit the introduction of prior statements, even though not made before the alleged fabrication, the emphasis of the trial could shift to the out-of-court statements rather than those made in court under oath. Finally, its interpretation was consistent with the common law that had developed before the rule's adoption. *See Tome v. United States, supra.*

Case law interpreting an essentially identical federal rule is instructive, *see State Farm Mutual Automobile Insurance Co. v. Parrish,* 899 P.2d 285 (Colo.App.1994), and we find the Supreme Court's analysis in *Tome* persuasive. We therefore hold that CRE 801(d)(1)(B) encompasses only those statements made by the victims prior to the opportunity to fabricate similar stories allegedly arose. *But see Tome v. United States, supra* (Breyer, J., dissenting); J. Quinn, *Hearsay in Criminal Cases Under The Colorado Rules of Evidence: An Overview,* 50 U.Colo.L.Rev. 277 (1978–79).

To the extent that the decision in *People v. Koon,* 724 P.2d 1367 (Colo.App.1986) is inconsistent with our conclusion, we decline to follow it.

## B.

Defendant argues that no prior inconsistent statements had been admitted and that the statements were improperly admitted to counter his evidence of the victims' poor reputations for truthfulness, not to rebut any charge of recent fabrication. He therefore asserts the statements were not admissible under CRE 801(d)(1)(B).

■ Defendant's argument is initially premised on the incorrect assumption that prior consistent statements may be admitted only to rebut an express or implied charge of recent fabrication or improper influence or motive that is based on prior inconsistent statements. The rule contains no such limitation. *See People v. Page, supra; People v. Ambrose,* 907 P.2d 613 (Colo.App. 1994); *see generally* J. Quinn, *supra,* 50 U.Colo.L.Rev. at 299 ("Colorado rule 801(d)(1)(B) does not restrict the admissibility of prior consistent statements to those situations where impeachment is accomplished by prior inconsistent statements.").

■ Defendant's argument further ignores that his attorney in cross-examination of the two victims had established that they talked with each other the day following the incident in question prior to submitting their written statements to police. Eliciting this testimony amounted to an implied charge that the victims had met together and fabricated the incident. *See People v. Page, supra* (defense counsel's emphasis during cross-examination of the investigating officer on the officer's destruction of notes amounted to an implied charge of recent fabrication of defendant's confession, and prior consistent statements were therefore properly admitted pursuant to CRE 801(d)(1)(B)); *see generally* J. Quinn, *supra.* Indeed, defense counsel in closing argument stressed the opportunity for the two victims to fabricate the story together before submitting their written statements.

■ The victims testified at trial and were subject to cross-examination. Their prior consistent statements rebutted a charge of fabrication and were made before the alleged fabrication. We therefore conclude that the statements were properly admitted under CRE 801(d)(1)(B).

## II.

Defendant contends that the trial court erred in refusing to grant his motion for judgment of acquittal on the charges of felony menacing because the evidence was insufficient to support the conclusion that he was aware his actions were practically certain to place the victims in fear of imminent serious bodily injury. We disagree.

■ A person commits felony menacing if, by the use of a deadly weapon, he or she knowingly places or attempts to place another person in fear of imminent serious bodily injury. Section 18–3–206, C.R.S. (1986 Repl. Vol. 8B). Felony menacing is a general intent crime which requires only that the defendant be aware that his or her conduct is practically certain to cause the result. *People v. Crump,* 769 P.2d 496 (Colo.1989); *People v. Zieg,* 841 P.2d 342 (Colo.App.1992).

■ A defendant's awareness of the result to be caused by alleged conduct may be inferred from the conduct and the surrounding circumstances. *See People v. District Court,* 652 P.2d 582 (Colo.1982); *see also People v. Gagnon,* 703 P.2d 661 (Colo.App. 1985). And, the term "use of a deadly weapon" in this statute includes the act of holding a weapon in the presence of another in a manner that is practically certain to cause the other person to fear for his or her safety. *See People v. Hines,* 780 P.2d 556 (Colo. 1989).

■ When ruling on a motion for judgment of acquittal, the trial court must determine whether the prosecution's evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable person that the defendant is guilty of the crime charged beyond a reasonable doubt. *People v. Bennett,* 183 Colo. 125, 515 P.2d 466

(1973). Its ruling on a motion for judgment of acquittal will not be reversed absent an abuse of discretion. *People v. Palumbo,* 192 Colo. 7, 555 P.2d 521 (1976).

Here, the victim of one of the felony menacing charges testified that, after defendant had touched her breast and buttocks without her permission, he told her and the other victim not to call the police or he would kill them. The victim also testified that defendant told the other victim not to let her leave the home or he would kill the other victim. She also stated that defendant had picked up a knife from the kitchen and that she was scared.

The second victim testified that defendant grabbed a large knife from the kitchen and said that if she let the other girl leave he would stab them. She also testified that defendant warned her not to call the police and that if she did, it was "just going to be worse when he got out."

Viewing the evidence under the legal standards applicable to the crime of felony menacing and in the light most favorable to the prosecution, we conclude that the trial court did not abuse its discretion in denying defendant's motion for judgment of acquittal on the felony menacing charges.

Judgment affirmed.

RULAND, J., concurs.

JONES, J., specially concurs.

Judge JONES specially concurring.

I concur in the result in this case. However, I write separately to specially concur with the result in Part I of the opinion here, but on a different basis from that adopted by the majority.

I am aware of the law and policy underlying the rule announced by the majority of the United States Supreme Court in *Tome v. United States,* —— U.S. ——, 115 S.Ct. 696, 130 L.Ed.2d 574 (1995), concerning the federal equivalent of CRE 801(d)(1)(B). I disagree with the rubric of Part I of this opinion that the analysis in *Tome* should be persuasively controlling in Colorado, partly because I view the resulting rule of evidence as un-necessarily rigid for application under the liberalized rules of evidence.

I believe that, in Colorado, the judiciary and any litigants having issues arise under CRE 801(d)(1)(B) are better served by the rule announced in *People v. Koon,* 724 P.2d 1367 (Colo.App.1986). In regard to prior statements offered to show consistency with trial testimony which otherwise meet the requirements of CRE 801(d)(1)(B), and which are offered to rebut a charge, express or implied, of recent fabrication or improper influence or motive, I generally agree with the proposition that the time when the prior statement is made is an element going to the weight of the evidence and not its admissibility.

Thus, I would continue to hold "that the rule encompasses statements made both before and after the time of the alleged impropriety or the time when the supposed motive to falsify arose." *People v. Koon, supra,* 724 P.2d at 1374. It seems to me that the holding in *Koon* furthers the purpose of the rules of evidence to liberalize the rules for admission of relevant evidence. The rules of evidence direct that, generally, all evidence should be admitted having "any tendency" to make the existence of a material fact "more probable or less probable than it would be without the evidence." CRE 401, 402. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)(liberalized relevancy portions of the rules of evidence can supersede a pre-existing, rigid rule of evidence).

In addition, determinations by the trial court of relevancy under CRE 401, its balancing of probative value against the danger of unfair prejudice, its limiting presentation of cumulative evidence, and its providing limiting instructions on the use of such prior consistent statements, combined with the universally recognized ability of juries to ferret out more credible evidence from less credible evidence, will continue to serve as useful tools in assuring that statements offered pursuant to CRE 801(d)(1)(B) will be given the proper attention in each instance. Moreover, the trial judges of this state will continue to use their best judgment and discretion in determining, based on the facts

and circumstances of each individual case, when evidence should properly be admitted under CRE 801(d)(1)(B).

Hence, I would hold that, based on the rubric in *People v. Koon, supra,* I determine that the trial court did not err in admitting the prior statements of the two victims here.