**The PEOPLE of the State of Colorado,
Plaintiff–Appellee,**

v.

**Scott EPPENS, Defendant–Appellant.**

**No. 94CA2156.**

Colorado Court of Appeals,
Div. IV.

March 20, 1997.

As Modified on Denial of Rehearing
May 22, 1997.*

Certiorari Granted Dec. 22, 1997.

* Kapelke, J., would grant petition of plaintiff-ap-  pellee.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Eric V. Field, Special Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, State Public Defender, Karen M. Gerash, Deputy State Public Defender, Denver, for Defendant-Appellant.

Opinion by Judge BRIGGS.

Defendant, Scott Eppens, appeals the judgment of conviction entered on a jury verdict finding him guilty of sexual assault on a child by one in a position of trust. He contends the trial court erred in permitting testimony regarding the child's truthfulness on a specific occasion and in admitting a prior consistent statement to a police detective. We conclude that, because a witness improperly expressed an opinion essentially verifying that the child was being truthful in reporting the alleged sexual assault by defendant on the occasion in question, defendant's conviction must be reversed and the cause remanded for a new trial.

A twelve-year-old girl told her mother, and later the police, that defendant, her stepfather, had sexually molested her two days before he had physically assaulted her mother. As a result, defendant was charged and convicted of sexually assaulting the child on the day in question.

## I.

Defendant challenges the admission into evidence of an opinion by a social services intake worker that the child was "sincere." We agree the evidence was not admissible. We further conclude that the error constitutes plain error, requiring that we reverse the conviction and remand the cause for a new trial.

### A.

When the credibility of a witness has been attacked, opposing counsel may present evidence in the form of opinion or reputation referring to the character of the witness for truthfulness. *See* CRE 608(a); *People v. Koon,* 724 P.2d 1367 (Colo.App. 1986). More specifically, in sexual assault situations, opinion testimony as to the credibility of the child-victim is admissible if that testimony relates to the child's general character for truthfulness. *See People v. Ashley,* 687 P.2d 473 (Colo.App.1984).

Likewise, the supreme court has concluded that if a qualified expert offers testimony that the behavioral characteristics of a child match those of children who have been victims of sexual assaults and, if believed, this testimony would assist the jury in deciding whether a sexual assault occurred, it may be admitted. *See People v. Gaffney,* 769 P.2d 1081 (Colo.1989); *People v. Koon, supra; but cf. People v. Newbrough,* 803 P.2d 155 (Colo. 1990). The reasoning is that, while such testimony may incidentally give rise to an inference as to whether the victim is telling the truth, this fact alone is insufficient to deny admission of the evidence because expert testimony generally tends to bolster or attack the credibility of another witness. *See People v. Koon, supra.*

However, neither a lay witness nor an expert witness may give opinion testimony that a child was telling the truth on the specific occasion that the child reported a particular sexual assault by the accused. That assessment is for the jury. *See People v. Oliver,* 745 P.2d 222 (Colo.1987); *People v. Koon,* 713 P.2d 410 (Colo.App.1985).

Here, a social services intake worker testified to the story the child had told, accusing defendant of sexually abusing her since she was three years old. The assaults would occur when defendant had been drinking. He would take the child out to his truck late at night when everyone else was asleep.

The child then told the witness that the last sexual assault took place two days before defendant physically assaulted her mother. Defendant woke her and carried her from the trailer where the family was living out to the mother's car.

In response to the prosecutor's questioning, the witness further testified that she had interviewed over fifty children who had been victims of sexual assault and had observed their affect and demeanor. The questioning then continued as follows:

Q. Are you able to make a determination about a child's sincerity from those kinds of characteristics?

A. It would be subjective. I mean yeah, I get a feeling as to whether a child is sincere or not.

Q. Did you draw any such conclusions about [the child in this case]?

A. I felt she was sincere.

By this response to the prosecutor's question, the intake worker was not merely expressing an opinion as to the child's general character for truthfulness. Indeed, the witness had no basis for expressing such an opinion.

Furthermore, as already noted, prior to offering her opinion, the intake worker testified in detail to the history of sexual abuse related to her by the child. The witness then testified that the child had also told her about the most recent assault, and she began relating the child's story that defendant had awakened her and carried her from the trailer in which the family was living to her mother's car. At that point, the witness was interrupted by an objection that the testimony was cumulative of that of a police detective, who had earlier related in detail the child's story about the alleged assault on the occasion in question. The court sustained the objection.

Nevertheless, the impact was the same as if the intake worker had herself related the story in the same detail as the police officer and then given her opinion: it increased the likelihood the jury would consider her opinion as evidence of the truthfulness of the child on a specific occasion. *Cf. People v. Fasy,* 813 P.2d 797 (Colo.App.1991), *rev'd on other grounds,* 829 P.2d 1314 (1992)(if a witness gives a detailed account of the circumstances of the offense before offering an opinion, then, regardless of the precise word-

ing of the opinion later offered, the likelihood increases that a jury will consider the testimony as evidence of the truthfulness of a victim's specific allegation).

Likewise, the witness did not merely refer to general patterns of behavior or characteristics that children who have been sexually assaulted are likely to exhibit. Nor did she merely make a comparison of such patterns or characteristics with those of the child being interviewed.

Finally, as to the specific occasion of her interview with the child, the witness gave her opinion even though she was only able to get a "subjective ... feeling" as to whether a child was being sincere. *Cf. People v. Exline,* 775 P.2d 48 (Colo.App.1988)(any impropriety in social worker's testimony that something had happened to the child because her belief was a "subjective kind of a thing" was cured by trial court sustaining an objection).

Here, when the opinion expressed by the intake worker is considered in context, the jury could have, and most likely would have, understood that the witness was expressing her "feeling" that the child "was sincere" on the specific occasion of the interview. This was tantamount to verifying that the child was being truthful, not only in reporting sexual abuse, but also in reporting she was sexually assaulted on the date charged and that it was defendant who assaulted her. The evidence was therefore not admissible. *See People v. Gaffney, supra; Tevlin v. People,* 715 P.2d 338 (Colo.1986); *People v. Pronovost,* 756 P.2d 387 (Colo.App.1987).

### B.

■ Because defendant made no objection to the testimony at trial, our review is limited to determining whether admission of the evidence constitutes plain error within the meaning of Crim. P. 52(b). Plain error has occurred when, after review of the entire record, we can say with fair assurance that the error so undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction. *Moore v. People,* 925 P.2d 264 (Colo.1996). We conclude that it did.

■ Here, evidence that the child had been assaulted on the day in question, and that defendant had committed the assault, was not overwhelming. Although a physical examination before trial had been consistent with penetration, the medical expert was unable to determine when or by whom the child had been assaulted. While other witnesses related the story of the sexual assault they had been told by the child, none provided further corroboration of the story.

A week before trial, in a letter to defendant, the child had recanted the allegation against him and instead had accused her half-brother of sexually assaulting her. She had made the same accusation in an earlier tape recorded statement. Nevertheless, at trial, she reasserted the accusation against defendant. She also testified to other sexual abuse by defendant when the family had lived in other states.

However, on cross-examination, the child admitted that, like the present claim, she had recanted a claim made in Nebraska that defendant had sexually assaulted her there. She also admitted she had lied to her mother before and that she had a "habit" of sometimes not telling the "exact truth."

The child's half-brother testified that he had engaged in consensual sex with her on several occasions. He stopped when she began dating his best friend, who he testified also had sex with her.

The child did not unilaterally disclose the alleged sexual assault by defendant. Rather, she made the assertion in response to a question from her mother a week after defendant had been jailed for physically assaulting the mother. The child claimed that the sexual assault on her had taken place two days before the physical assault on the mother. She admitted at trial that the assault on her mother had made her "mad at" defendant and that she picked this time to come forward "possibly" because her mother was angry with defendant. She had written a separate letter to defendant shortly afterwards, telling him she was mad for what he had done to her mother. In that letter, she gave no indication that she was angry with defendant for anything he had done to her.

No other evidence was introduced to support the allegation.

Finally, the intake worker did not inadvertently volunteer her opinion about the child's "sincerity" in the course of responding to a different question from the prosecutor. Rather, the prosecutor specifically asked the witness to provide an opinion that, in context, the jury would have understood as verifying the child's truthfulness in reporting that defendant had sexually assaulted her on the occasion in question. Thus, the prosecutor directly elicited the inadmissible evidence.

It is understandable that, without an objection by defense counsel, the trial court did not interrupt the questioning of the intake worker about her opinion. Further, none of the child's admitted or contested conduct was inconsistent with her assertion that she had been sexually abused.

Nevertheless, the determinative issue was not just whether the. child had ever been sexually abused, but whether defendant had sexually assaulted her on the particular occasion in question. On that issue, the child's credibility was of critical importance.

Having reviewed the entire record, we conclude that the introduction into evidence of the intake worker's opinion, in direct response to the prosecutor's question, sufficiently impacted the fundamental fairness of the trial as to cast serious doubt on the reliability of the judgment of conviction. It is therefore necessary to reverse and remand for a new trial. *See People v. Koon, supra,* 724 P.2d 1367 (permitting therapist to testify concerning stepdaughter's truthfulness and to give her opinion that sexual assault occurred constitutes plain error); *see also People v. Oliver, supra; People v. Snook,* 745 P.2d 647 (Colo.1987); *People v. Ross,* 745 P.2d 277 (Colo.App.1987).

## II.

Because the issue may recur at retrial, we consider defendant's contention that a detective's testimony concerning a statement the child made to him during an interview was inadmissible hearsay. In the circumstances presented here, we disagree.

Initially, we note that, prior to trial the prosecution moved to have the child's hearsay statements admitted pursuant to §13–25–129, C.R.S. (1987 Repl. Vol. 6A). The statute provides that a child's hearsay statements describing any act of sexual contact, intrusion, or penetration performed on the child and not otherwise admissible under a hearsay exception are admissible in a criminal proceeding in which the child is the victim of an unlawful sexual offense if the court finds that the time, content, and circumstances of the statements provide sufficient safeguards of reliability.

After a pre-trial hearing at which the detective testified, the trial court concluded child's statements lacked sufficient safeguards of reliability and therefore were not admissible hearsay under the statute. The court was not asked at that time to determine whether the statements were admissible on some other basis.

■ Under CRE 801(d)(1)(B), a statement is not hearsay if the declarant testifies at trial and is subject to cross-examination, the statement is consistent with the declarant's testimony, and is offered to rebut an express or implied charge of recent fabrication or improper influence or motive. *See People v. Salazar,* 920 P.2d 893 (Colo.App.1996). To be admissible, the prior consistent statement sought to be introduced must have been made before the alleged fabrication or improper influence or motive. *See Tome v. United States,* 513 U.S. 150, 115 S.Ct. 696, 130 L.Ed.2d 574 (1995); *People v. Segura,* 923 P.2d 266 (Colo.App.1995); *but see People v. Koon, supra,* 724 P.2d 1367.

■ During a police interview, the child related a history of sexual assaults by defendant and described the most recent alleged assault in detail. Her description was consistent with her earlier statement to her mother and her later testimony at trial. As already noted, at the time the child disclosed the alleged assault both to the mother and the detective, she was aware that defendant had physically abused her mother during an argument.

Several months after reporting the assault, and a week before trial, the child wrote

another letter to defendant. In this letter, she recanted her accusation against defendant and named her half-brother as the perpetrator.

The child nevertheless testified at trial in accordance with her initial allegations. On cross-examination, defense counsel used the letter recanting her allegation to impeach her.

On re-direct, the prosecutor did not question the victim regarding her prior consistent statements, either to her mother or to the detective who had interviewed her. Instead, the prosecutor later sought to introduce her statement to the detective through the testimony of the detective. Over defendant's objection, the trial court admitted the statement as non-hearsay pursuant to CRE 801(d)(1)(B).

Defendant argues that the child's statement to the detective was not properly admitted under CRE 801(d)(1)(B) because the statement was made *after* the improper motive to testify, the assault on the mother, had arisen. Had defense counsel cross-examined the child only regarding her anger at defendant for assaulting her mother, the argument might be persuasive. *See Tome v. United States, supra; People v. Segura, supra; State v. Casaus,* 121 N.M. 481, 913 P.2d 669 (App.1996); *see also People v. Page,* 907 P.2d 624 (Colo.App.1995)(defense counsel's cross-examination amounted to an implied charge of recent fabrication and thus written report made before the alleged fabrication was admissible); *People v. Rodriquez,* 216 Mich. App. 329, 549 N.W.2d 359 (1996).

However, by introducing the prior inconsistent statement in the child's letter, defense counsel necessarily implied a *separate* charge of recent fabrication: defense counsel was impliedly asserting that the statement in the letter was true and the testimony at trial was fabricated more recently than the statement in the letter. Hence, while the statement to the detective was made *after* the original improper motive allegedly arose, it could properly be admitted under CRE 801(d)(1)(B) because it was made *before* the child made the statement in the letter, and it rebutted the separate implied charge of a deliberate fabrication more recent than the

prior inconsistent statement. *See State v. Boobar,* 637 A.2d 1162 (Me.1994)(recent fabrication and improper influence are wholly separate motives and each is an independent ground for admission of a prior consistent statement); *see also State v. Sullivan,* 925 S.W.2d 483 (Mo.App.1996)(prior consistent statement admissible if made before prior inconsistent statement that was subject of cross-examination); *but see Commonwealth v. Lareau,* 37 Mass.App.Ct. 679, 642 N.E.2d 308 (1994).

The court's admission of the statement not only complied with CRE 801(d)(1)(B), it was consistent with principles of fairness. The prior consistent statement assisted the jury in evaluating the prior inconsistent statement and determining the weight to give it by providing a fuller context for the statement. Defendant remained free to point out that the prior consistent statement, although made before the prior inconsistent statement, was nonetheless made after the earlier improper motive had arisen.

Defendant did not raise at trial or on appeal any challenge to the statement being admitted through the detective rather than through the re-direct examination of the child and thus we do not address that issue. We hold only that, under similar circumstances on retrial, evidence of the statement could properly be admitted as a prior consistent statement, admissible under CRE 801(d)(1)(B).

Because of our resolution of the first issue raised by defendant, it is unnecessary to address his remaining contentions.

The judgment of conviction is reversed, and the cause is remanded for a new trial.

HUME, J., concurs.

KAPELKE, J., concurs in part and dissents in part.

KAPELKE, Judge, concurring in part and dissenting in part.

I concur with Part II of the majority opinion holding that the trial court did not err in admitting the statement the victim made to a detective. Also, I agree with the majority's conclusion in Part IA that the court should

not have permitted the social services intake worker to testify that she felt the victim was sincere in recounting the story of the assault. Because, in my view, defendant has not demonstrated that admission of the intake worker's statement was plain error, however, I would affirm the conviction.

As noted in the majority opinion, defendant did not interpose an objection to the prosecutor's question as to whether the intake worker felt the victim was sincere in giving her account. Accordingly, a plain error analysis is applicable.

Under that test, reversal is mandated only if, after reviewing the entire record, we can say with fair assurance that the error so undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction. *See Wilson v. People,* 743 P.2d 415 (Colo.1987).

Here, unlike in *People v. Oliver,* 745 P.2d 222 (Colo.1987) and *People v. Koon,* 713 P.2d 410 (Colo.App.1985), the witness did not give a detailed account of the statement of the victim. Defense counsel objected that such testimony would have been cumulative of testimony given by a police detective. The court agreed and sustained the objection. As a result of that ruling, any danger that the witness was being permitted to invade the truth-finding province of the jury was substantially diminished.

In *People v. Gaffney,* 769 P.2d 1081 (Colo. 1989), the supreme court concluded that an expert witness had improperly been permitted to testify that the sexual assault victim's history was "very believable." Nevertheless, the court determined that admission of the expert's statement was harmless under all the circumstances of that case.

Among the factors the *Gaffney* court considered significant in arriving at its conclusion of harmless error were the existence of corroborating physical evidence of assault and the fact that both the victim's mother and a police officer had testified as to the statements made by the victim describing the assault.

Here, in her trial testimony, a physician testifying as an expert on detecting sexual abuse of children concluded that there had been "probable abuse with a clear, consistent history of molestation, consistent with vagi-nal and rectal penetration." *Cf. People v. Koon, supra* (rejecting harmless error contention in part because of absence of corroborating physical evidence).

Further, as in *Gaffney,* a police detective testified concerning the victim's account of the sexual assault. In addition, the physician testifying as an expert on child sexual abuse detection detailed the victim's statements to her regarding the assault.

In addition, I note that the prosecutor, in closing argument, made no reference to the intake worker's comment as to the sincerity of the victim.

Under all these circumstances, I conclude that defendant has not shown plain error in the admission of the intake worker's comment as to the victim's sincerity. In my view, admission of the statement did not so undermine the fairness of the trial itself as to cast doubt on the reliability of the judgment of conviction.

Finally, I would also reject defendant's additional contention that certain comments made by the prosecutor in closing argument constituted prosecutorial misconduct amounting to plain error.

I would therefore affirm the conviction.